UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NAOMI N. CHUNG, | ) | |
| | ) | |
| Plaintiff, | ) | CA 07-398 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| ELAINE CHAO, SECRETARY | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(1) and (b)(6). The grounds for this motion are set forth in the accompanying memorandum. Defendant has not presented any matters outside the pleadings.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

___/s/_____
CHARLOTTE A. ABEL
 D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NAOMI N. CHUNG, | ) | |
| | ) | |
| Plaintiff, | ) | CA 07-398 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| ELAINE CHAO, SECRETARY | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANUMD OF POINTS & AUTHORITES
IN SUPPORT OF MOTION TO DISMISS**

## I.    FACTUAL BACKGROUND

On July 9, 1999, Chung, an automation clerk for the U.S. Postal Service in
Gaithersburg, Maryland, filed a CA-1 Form, "Federal Employee's Notice of Traumatic
Injury and Claim for Continuation of Pay/Compensation," under the Federal
Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.*, with DOL's Office of
Workers' Compensation Programs (OWCP), as a result of a work-related injury.  *See*
Declaration of Edward Duncan (hereafter Duncan Dec.), Exhibit A-1.  Chung alleged
that on July 7, 1999, she strained/sprained her right middle finger while taking a tray off
of a shelf.  *Id*.  By letter dated October 29, 1999, OWCP accepted Chung's claim for
arthralgia of the right hand, middle finger (OWCP File No. 250545560).  *See* Duncan
Dec., Exhibit A-2.  By letter dated March 21, 2000, OWCP denied Chung's claim for
compensation benefits for the period October 23-25, 1999, finding that the medical
evidence failed to establish disability for work due to the injury of arthralgia of the right
middle finger.  *See* Duncan Dec., Exhibit A-3.

On April 7, 2000, Chung filed a Form CA-2, "Notice of Occupational Disease and Claim for Compensation," with OWCP. *See* Duncan Dec., Exhibit A-4. She alleged pain in her shoulders, fingers and both hands as a result of her work as an automation clerk. *Id*. By letter dated August 28, 2000, OWCP accepted Chung's claim for right wrist sprain, cervical strain and right shoulder impingement (OWCP File No. 250561456). *See* Duncan Dec., Exhibit A-5.

By letter dated December 4, 2000, OWCP informed Chung she would receive a payment totaling $6,470.36 for intermittent periods of lost wages claimed between December 2, 1999 and May 5, 2000. *See* Duncan Dec., Exhibit A-6. By letter dated March 26, 2001, OWCP denied Chung's claim for compensation benefits for the intermittent periods October 23-25, 1999, November 27, 1999 through December 1, 1999, June 17-30, 2000 and beginning July 1, 2000 onward. *See* Duncan Dec., Exhibit A-7. OWCP stated that Chung failed to provide medical documentation to support these periods of her disability as a result of her accepted work-related injury. *Id*.

By letter dated April 2, 2001, Chung requested an oral hearing before an OWCP hearing representative in Washington, D.C., regarding OWCP's denial of the intermittent compensation benefits. *See* Duncan Dec., Exhibit A-8. A hearing was held on August 28, 2001, at which Chung provided testimony. *See* Duncan Dec., Exhibit A-9. In a decision dated November 9, 2001, the OWCP hearing representative affirmed OWCP's March 26, 2001 decision. *See* Duncan Dec., Exhibit A-10. By letter dated June 6, 2002, Chung requested reconsideration of the OWCP hearing representative's decision. *See* Duncan Dec., Exhibit A-11. By letter dated September 6, 2002, OWCP denied Chung's request for reconsideration for the reason that the evidence she

submitted was cumulative and not sufficient to warrant a merit review of the prior decision. *See* Duncan Dec., Exhibit A-12.

On December 17, 2002, Chung filed an appeal with the Employees' Compensation Appeals Board (ECAB). *See* Duncan Dec., Exhibit A-13. On January 9, 2004, ECAB issued an Order setting aside OWCP's September 6, 2002 decision and remanding the case to OWCP for further development, to be followed by a merit reconsideration decision. *See* Duncan Dec., Exhibit A-14. By letter dated June 24, 2004; OWCP issued a notice of decision, denying Chung's request for reconsideration, following a merit review, for the reason that the evidence and argument submitted and of record were not sufficient to warrant modification of the OWCP's November 9, 2001 decision. *See* Duncan Dec., Exhibit A-15. On September 30, 2004, Chung filed an appeal with ECAB. *See* Duncan Dec., Exhibit A-16. On August 12, 2005, ECAB issued a Decision and Order affirming OWCP's decision of June 24, 2004, finding that Chung did not meet her burden of proof to establish entitlement for the claimed periods of disability and failed to meet her burden of proof that she was physically and psychologically disabled or that she had fibromyalgia for the periods of claimed disability. *See* Duncan Dec., Exhibit A-17.

On February 5, 2003, Chung filed a complaint in the U.S. District Court for the District of Columbia against DOL, styled *Nam Chung v. Department of Labor*, Civil Action No. 03-188 (GK), challenging the determination made by OWCP to deny her FECA claim and seeking $20,000,000 in damages. On June 16, 2003, Chung filed an administrative claim on Standard Form 95, "Claim for Damage, Injury, or Death," under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, seeking $15,000,000 for

personal injury and $350,000 for property damage, regarding OWCP's denial of her

FECA claim. *See* Declaration of Catherine Carter (hereafter Carter Dec.), Exhibit B-1.

On August 15, 2003, this Court issued a Memorandum Opinion granting DOL's motion

to dismiss Chung's complaint. This Court ruled it had no subject matter jurisdiction to

review OWCP's denial of Chung's FECA claim as FECA explicitly precludes judicial

review. In addition, this Court found it lacked subject matter jurisdiction to consider

Chung's FTCA claim as she failed to exhaust her administrative remedies by filing the

FTCA claim with DOL prior to the commencement of her law suit, as required by 28

U.S.C. § 2675(a). On September 5, 2003, Chung filed an appeal with the U.S. Court of

Appeals for the District of Columbia Circuit. On March 5, 2004, the D.C. Circuit Court

granted DOL's motion to summarily affirm this Court's August 15, 2003 Memorandum

Opinion. By letter dated March 25, 2004, sent via certified mail, DOL denied Chung's

FTCA claim, stating FECA was her exclusive remedy. *See* Carter Dec., Exhibit B-2.

DOL informed Chung she had the right to file suit regarding this denial in an

appropriate U.S. District Court within six months. *Id*.

On December 12, 2005, Chung filed a second administrative claim on Standard

Form 95 with DOL under the FTCA, seeking $20,000,000 for personal injury, regarding

OWCP's denial of her FECA claim. *See* Carter Dec., Exhibit B-3. Chung asserts DOL

"terminated my treatment for my job injury." *Id*. DOL took no action. As more than

six months passed since the FTCA claim was filed, Chung may deem the claim denied.

*See* 28 U.S.C. § 2675(a).

## II.     COMPLAINT

On February 26, 2007, Chung filed this complaint in the District Court for the District of Columbia.  Chung alleges DOL wrongfully denied her FECA compensation and medical benefits.  *Complaint* ¶ 4.  She alleges denial of FECA medical benefits led her to develop "mental stress," physical suffering and fibromyalgia (a chronic syndrome characterized by diffuse or specific muscle, joint, or bone pain, fatigue, and multiple tender points – places on the body where slight pressure causes pain[1]).  *Complaint* ¶ 3. She states that her June 16, 2003 FTCA claim was denied and she "refiled Form 95 on December 12, 2005."  *Complaint* ¶ 6.  Chung further alleges that DOL "violated the constitutional law and disregarded my civil rights."  *Complaint* ¶ 2.  Chung requests: 1) an "award" for injuries listed on her December 12, 2005 FTCA claim; 2) $500,000 for "mismanagement" of her FECA case; and 3) an "award" for medical benefits.  Other than references to her 2003 and 2005 FTCA claims, this complaint is essentially the same complaint filed by Chung in this Court on February 5, 2003.

## III.    THE FECA CLAIMS PROCESS

The FECA is the workers' compensation statute for federal employees.  Enacted in 1916, the FECA establishes a comprehensive and exclusive compensation scheme under which federal employees or their survivors receive benefits, regardless of fault, for employment-related injuries or deaths.  The FECA provides that the United States "shall pay compensation for disability or death of an employee resulting from personal injury sustained while in the performance of his duty."  5 U.S.C. § 8102(a).  A wide range of

---

[1] *See* <http://www.mayoclinic.com/health/fibromyalgia/DS00079>

benefits are provided for work-related injuries covered by FECA, including payment of total or partial wage loss compensation, schedule awards for permanent loss or loss of use of specified members of the body, related medical costs and vocational rehabilitation. 5 U.S.C. §§ 8103-8113.

Central to the FECA statutory scheme is the role of the Secretary of Labor, who has the authority to administer the payment of benefits, adjudicate claims, decide all questions arising under the FECA, and promulgate the regulations necessary for the administration and enforcement of the FECA. 5 U.S.C. §§ 8145, 8124(a), 8149. The Secretary has delegated this authority to the Director of the OWCP, who is responsible for the administration and implementation of the FECA. 20 C.F.R. § 10.1. In making claim determinations under the FECA statutory scheme, OWCP may perform "such investigation as [OWCP] deems necessary" prior to making an award for or against payment of compensation. 5 U.S.C. § 8124(a). The OWCP accordingly undertakes factual and medical development in adjudicating a claim for FECA benefits.

In the event the Director of OWCP makes a determination adverse to the claimant, several methods of administrative review are available upon timely request by the claimant, including: 1) a hearing before or review of the written record by an OWCP hearing examiner, 5 U.S.C. § 8124, 20 C.F.R. § 10.615; 2) reconsideration before OWCP, 5 U.S.C. § 8128 (a), 20 C.F.R. § 10.605; or 3) appeal to ECAB. *See* 5 U.S.C. § 8149; 20 C.F.R. Part 501.

While the FECA establishes a comprehensive compensation scheme under which federal employees or their survivors receive benefits, regardless of fault, for employment-related injuries or deaths, Congress provided that the FECA is the

exclusive remedy against the United States for injury or death of an employee of the

United States.  5 U.S.C. § 8116(c).  Furthermore, Congress has specifically foreclosed

any judicial review of determinations under the FECA, providing in pertinent part:

> The action of the Secretary or her designee in allowing or denying a
> payment under this subchapter is –
>
> > (1) **final and conclusive for all purposes** and with
> > respect to all questions of law and fact; and,
> > (2) **not subject to review by another official of the
> > United States or by a Court by mandamus** or
> > otherwise.  (emphasis added).

5 U.S.C. § 8128(b).

The U.S. Supreme Court has observed:

> In enacting [the FECA] Congress adopted the principal
> compromise ... commonly found in workers' compensation
> legislation: employees are guaranteed the right to receive
> immediate, fixed benefits, regardless of fault and without
> need for litigation, but in return they lose the right to
> sue the Government.

*Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).

Giving effect to the plain meaning of 5 U.S.C. § 8128(b), the courts have

repeatedly and uniformly recognized that the Secretary of Labor's decisions on benefit

determinations pursuant to the FECA are not subject to judicial review.  *Lepre v. United

States Department of Labor*, 275 F.3d 59, 67 (D.C. Cir. 2001).[2]  Despite the broad

---

[2] *See Woodruff v. U.S. Department of Labor*, 954 F.2d 634, *reh'g en banc denied*, 961 F.2d 224 (11th Cir. 1992); *Wallace v. United States*, 669 F.2d 947 (4th Cir. 1982); *Czerkies v. U.S. Department of Labor*, 73 F.3d 1435, 1438 (7th Cir. 1996); *Miller v. Bolger*, 802 F.2d 660 (3rd Cir. 1986); *Hambsch v. United States*, 848 F.2d 1228 (Fed. Cir. 1988); *Owens v. Brock*, 860 F.2d 1363 (6th Cir. 1988); *Grijalva v. United States*, 781 F.2d 472 (5th Cir.), *cert denied*, 107 S.Ct. 89 (1986); *Waters v. United States*, 458 F.2d 20 (8th Cir. 1972); *Rodrigues v. Donovan*, 769 F.2d 1344 (9th Cir. 1985); *Cobia v. United States*, 384 F.2d 711 (10th Cir. 1967); *and Paluca v. Secretary of Labor*, 813 F.2d 524, 526 (1st Cir.), *cert denied*, 484 U.S. 943, (1987).

nature of preclusion of judicial review described above, a judicially recognized
exception to § 8128(b) does allow judicial review when a substantial, cognizable
constitutional claim is alleged.[3]  In *Lepre, supra*, the D.C. Circuit held that, although §
8128(b) does not foreclose review of a substantial constitutional claim involving the
FECA, review is limited to "structural" and "systemic" challenges and not "decisions"
by the agency.[4]  *Lepre*, 275 F.3d at 67.

## IV.    ARGUMENT

### A.  Regarding her FECA claim, res judicata precludes Chung from relitigating the issues raised in her 2003 complaint

The instant complaint is basically the same complaint she filed with this Court on

February 5, 2003, styled *Nam Chung v. Department of Labor*, Civil Action No. 03-188

---

[3] The First, Seventh and Ninth Circuits have similarly limited the exception to the FECA's
jurisdictional bar to substantial constitutional claims.  *See Czerkies*, 73 F.3d at 1438; *Paluca*,
813 F.2d at 526-27 and *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2005).  In this
case, Chung's complaint fails to allege a substantial violation of her constitutional rights.
Rather, Chung generally alleges DOL "violated the constitutional law and disregarded my civil
rights."  *Complaint*, p. ¶ 2.  While Chung attempts to couch these allegations as constitutional
violations, in actuality, Chung's complaint is merely stating her disagreement with DOL's
administration of her FECA claim, which resulted in the denial of compensation and medical
benefits.  Her "garden variety" dispute over benefits and claims administration are precisely the
kind of claims Congress foreclosed from judicial review by enacting § 8128(b) of the FECA.
*Gallucci v. Chao*, 374 F.Supp.2d 121, 128 (D.D.C. 2005); *see Czerkies, supra*.

[4]  The question of whether there is a second exception to FECA's preclusion of review for
allegations of a violation of a clear statutory mandate has been considered by a number of
federal courts.  Although plaintiff has not raised an allegation that any action by OWCP violated
a clear statutory mandate, the government's position that there should be no such exception
needs mention.  In *Lepre supra*, the D.C. Circuit Court noted that this Circuit has yet to decide
the issue and declined to decide it in *Lepre*.  *Lepre*, 275 F.3d at 73-74.  The First and Third
Circuits have explicitly found against such an exception.  *McDougal-Saddler v. Herman*, 184
F3d. 207 (3rd Cir.) (July 2, 1999), *cert. denied* 120 S.Ct. 1670 (2000).  (Unequivocal language of
section 8128(b) does not allow the courts to review an asserted violation of a clear statutory
mandate).  *Accord Paluca v. Secretary of Labor*, 813 F.2d 524, 526 (1st Cir.), *cert denied*, 484
U.S. 943, (1987).  *See also Board of Governor's v. MCorp Financial Inc.*, 502 U.S. 32 (1991).
(Banking statute not subject to review for violation of a clear statutory mandate).  The Fourth
and Ninth Circuits have found such an exception but no violation of a statutory mandate.  *See
Hanauer v. Reich*, 82 F. 3d 1304 (4th Cir. 1996);  *Staacke v. Secretary of Labor*, 841 F.2d 278,
281 (9th Cir. 1988).

(GK), challenging DOL's decision to deny her FECA claim.  On August 15, 2003, this

Court found it had no subject matter jurisdiction to review OWCP's denial of Chung's

FECA claim as FECA explicitly precludes judicial review and dismissed her complaint.

Since August 15, 2003, DOL has taken the following two actions on Chung's FECA

claim:

- OWCP notice of decision, dated June 24, 2004, on remand from ECAB, denying Chung's request for reconsideration; and,
- ECAB Decision and Order, dated August 12, 2005, affirming OWCP's decision of June 24, 2004.

At the very least, res judicata precludes Chung from relitigating whether this Court has

subject matter jurisdiction to review any of DOL's actions or decisions made prior to

August 15, 2003 pertaining to her FECA claim.

"The doctrine of res judicata prevents repetitious litigation involving the same

causes of action or the same issues." *I.A.M. National Pension Fund v. Industrial Gear

Manufacturing Company,* 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two

distinct aspects - claim preclusion and issue preclusion (commonly known as collateral

estoppel) - that apply in different circumstances and with different consequences to the

litigants.  *NextWave Personal Communications, Inc. v. Federal Communications

Commission,* 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank,* 703 F.2d 1305,

1309 (D.C. Cir. 1983).  Under claim preclusion, "a final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that were or could

have been raised in that action." *Drake v. Federal Aviation Administration,* 291 F.3d

59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).  Under

issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on

a different cause of action involving a party to the first case." *Yamaha Corporation of America v. United States,* 961 F.2d 245, 254 (D.C. Cir. 1992).  In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." *I.A.M. National Pension Fund,* 723 F.2d at 949; *Novak,* 703 F.2d at 1309.  In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Under the doctrine of collateral estoppel, a party is precluded from litigating an issue if: (1) the same issue was contested by the parties and submitted for judicial determination in a prior case; (2) the issue was actually and necessarily determined by a court of competent jurisdiction in a prior case; and (3) preclusion in the second case would not work a basic unfairness on the party bound by the decision in the first case. *See Beverly Health & Rehabilitation Services, Inc. v. National Labor Relations Board,* 317 F.3d 316, 322 (D.C. Cir. 2003); *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 327 (1979); *Yamaha Corporation of America*, 961 F.2d at 254.

In this case, collateral estoppel (issue preclusion) applies to Chung's complaint because this Court has already decided the issue of whether it has subject matter jurisdiction to review OWCP's denial of Chung's FECA claim in its August 15, 2003 Memorandum Opinion in *Nam Chung v. Department of Labor*.  Collateral estoppel prevents the relitigation of an "issue" that was raised and decided in a prior action.

*I.A.M. National Pension Fund,* 723 F.2d at 949.  As discussed below, all three elements of issue preclusion are satisfied.

First, the issue (whether this Court has subject matter jurisdiction to review OWCP's denial of Chung's FECA claim) in this case was the same issue in the prior case of *Nam Chung v. Department of Labor*.  This issue was contested between Chung and DOL in written briefs to the Court and in oral argument.  The denial of Chung's FECA claim prior to August 2003 was submitted for judicial determination in the prior case.  "To the extent petitioner attempts to rehash the **same issues** … such argument is precluded by collateral estoppel." (emphasis added)  *Utah Power and Light Co. v. Interstate Commerce Commission*, 764 F.2d 865, 871 (D.C. Cir. 1985).  Chung is attempting to rehash the same issue regarding her denied FECA claim.

Second, this issue was actually and necessarily determined by this Court in its August 15, 2003 Memorandum Opinion.[5]  On this issue, this Court held "Plaintiff asks this Court to review DOL's denial of her claims.  This would be a clear violation of the preclusion of judicial review contained in FECA § 8128(b).  Accordingly, this Court does not have subject matter jurisdiction to hear Plaintiff's FECA claim."  This Court's dismissal constitutes a final and appealable judgment by a court of competent jurisdiction.  "Dismissal of suit for lack of federal subject-matter jurisdiction precludes relitigation of the same issue of subject-matter jurisdiction in second federal suit on

---

[5] This Court in its August 15, 2003 Memorandum Opinion held that federal court review of Chung's FECA claim was precluded by 5 U.S.C. § 8128(b), as her complaint improperly attempted to seek review of the merits of her FECA Claim.  "The Supreme Court has interpreted this section of FECA to mean that judicial review of federal employees' compensation claims is barred by the statute.  *Southwest Maritime, Inc. v, Gizoni*, 502 U.S. 81, 90 (1991) (FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage) (quoting *Lindhal v. Office of Personnel Management*, 470 U.S. 768, 779-780 (1985))."  *Id.*

same claim." *GAF Corp. v. United States*, 818 F.2d 901, 913 (D.C. Cir. 1987); *see Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980). In fact, Chung appealed the dismissal of her case based on this jurisdictional issue to the U.S. Court of Appeals for the District of Columbia Circuit which granted summary affirmance to the government.

Third, preclusion in the instant case will not work a basic unfairness on Chung. "An example of such unfairness would be when the losing party clearly lacked any incentive to litigate the point in the first trial …" *Yamaha Corporation of America*, 961 F.2d at 254. Chung had a full and fair opportunity and incentive to litigate the issue of whether this Court had subject matter jurisdiction to review OWCP's denial of her FECA claim, as mandated by 5 U.S.C. § 8128(b), in the prior action before this Court. Furthermore, with respect to her FECA claim, the FECA provides several avenues of review, as set forth above, and Chung has thoroughly exercised her appeal rights, including an OWCP hearing, request for reconsideration and *de novo* review before ECAB.

Accordingly, all three elements of issue preclusion are fully satisfied. "[Res Judicata] is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society." *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 27 (1897). Therefore, Chung may not now relitigate her FECA cause of action or, at the very least, any DOL action or decision made prior to August 15, 2003 relating to her FECA claim.[6]

---

[6] Assuming arguendo that res judicata does not preclude Chung from litigating DOL actions and decisions made after August 15, 2003, federal court judicial review of DOL's subsequent actions on her FECA claim (the ECAB Decision and Order, dated August 12, 2005, and the OWCP notice of decision, dated June 24, 2004) is precluded by 5 U.S.C. § 8128(b). As previously noted, the Secretary of Labor's decisions on benefit determinations pursuant to the FECA are not subject to judicial review. *Lepre*, 275 F.3d at 67. Furthermore, there is no

**B.  Chung's June 16, 2003 FTCA claim is barred by the FTCA statute of limitations; Chung's December 12, 2005 FTCA claim is barred by FECA exclusivity**

On June 16, 2003 and on December 12, 2005 Chung filed an administrative claim on Standard Form 95 regarding OWCP's denial of her FECA claim.  *See* Carter Dec. Exhibits B-1 and B-3.  Chung references both of these FTCA claims in her complaint.  *Complaint* ¶ 6.  Both of these tort claims are now barred.

**1.  Chung's June 16, 2003 FTCA claim is barred as she did not file suit in district court within six months of receipt of DOL's denial letter.**

Pursuant to subsection 2401(b) of the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within **six months** after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.  (emphasis added).

28 U.S.C. § 2401(b).

"As we have said, the FTCA requires that claims be presented to the agency in question within two years of accrual, and filed in court within six months after denial by the agency.  A claim not so presented and filed is 'forever barred.' "  *Mittleman v. United States*, 104 F.3d 410, 413 (D.C. Cir. 1997).  "The FTCA is of course a waiver of sovereign immunity.  As § 2401(b) imposes a condition on that waiver, courts should not take it upon themselves to extend the waiver beyond that which Congress intended."  *Sexton v. U.S.*, 832 F.2d 629, 632 (D.C. Cir. 1987).  "Section 2401(b), the limitations

---

substantial cognizable constitutional allegation, with respect to the ECAB Decision and Order, dated August 12, 2005, and the OWCP notice of decision, dated June 24, 2004.  As the *Lepre* court noted "the availability of agency reconsideration and appeal provide sufficient avenues of redress and rectification to meet the requirements of due process."  *Lepre* 275 F.3d at 71. Chung has been provided more than ample due process in DOL's consideration of her claim.

provision involved here, is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. We should regard the plea of limitations as a meritorious defense, in itself serving a public interest." *U.S. v. Kubrick*, 444 U.S. 111, 117 (1979).

In Chung's June 16, 2003 FTCA claim, her main assertion is that "Since the date of injury until recently, I have followed the guidelines provided to me by OWCP, but have continually been denied." *See* Carter Dec. Exhibit B-1. By certified letter dated March 25, 2004, DOL denied Chung's June 16, 2003 FTCA claim and advised Chung she had the "right to file suit in an appropriate United States District Court **within six months** of the date of the mailing of this letter if you are dissatisfied with the results of this determination." (emphasis added). *See* Carter Dec., Exhibit B-2 and 28 U.S.C. § 2401(b). Accordingly, Chung had between March 25, 2004 and September 25, 2004 (six months) to file suit in an appropriate U.S. District Court. Instead of filing suit within the time limits set forth by the FTCA, following the expiration of those time limits, Chung on December 12, 2005 filed another FTCA claim with DOL based on essentially the same set of facts -- the OWCP denial of her FECA claim -- seeking damages for physical and emotional conditions and for fibromyalgia. *See* Carter Dec. Exhibit B-3.

Chung eventually filed this complaint on February 26, 2007 in this District Court. However, Chung is well over two years late in filing suit on this FTCA claim based on DOL's FTCA denial letter of March 25, 2004. A claimant must file suit within six months of administrative denial of the claim. If this requirement is not met, suit will

be time barred.  *See Liles v. United States*, 638 F.Supp. 963, 966 (D.D.C. 1986); *Verner*

*v. United States Government*, 804 F.Supp. 381, 383 (D.D.C. 1992).  "Because plaintiff

did not file this action within six months of the notice, the FTCA claim is barred."

*Bryant*, 652 F.Supp. at 1287.  Accordingly, as Chung was advised of the denial of her

federal tort claim by letter, dated March 25, 2004, from DOL and did not file this civil

action until February 26, 2007, more than six months later, this FTCA claim is time

barred.  Therefore, Chung is precluded from relitigating any DOL action or decision

made prior to June 16, 2003.

### 2.  Chung's December 12, 2005 FTCA claim is barred by the exclusive remedy provision of FECA (5 U.S.C. § 8116(c)).

As Chung's June 16, 2003 FTCA claim is time-barred, her December 12, 2005 FTCA

claim only applies to DOL actions made within two years of the filing of the claim.

During the two years prior to December 12, 2005, DOL took the following actions on

Chung's FECA claim:

- OWCP notice of decision, dated June 24, 2004, on remand from ECAB, denying Chung's request for reconsideration; and,
- ECAB Decision and Order, dated August 12, 2005, affirming OWCP's decision of June 24, 2004.

With respect to the December 12, 2005 FTCA claim involving these two DOL

decisions, Congress has provided FECA as Chung's exclusive remedy.  Section 8116 of

FECA provides:

> the liability of the United States or an instrumentality thereof under this
> subchapter or any extension thereof with respect to the injury or death of
> an employee is **exclusive** and instead of all other liability of the United
> States or of the instrumentality to the employee, his legal representative,
> spouse, dependents, next of kin, and any other person otherwise entitled
> to recover damages from the United States or the instrumentality because

of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a **Federal tort liability statute**.  (emphasis added).

5 U.S.C. § 8116(c).

"The courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies."  *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991).  A FECA claim bars a claimant's right to proceed with an FTCA claim, due to FECA's exclusive remedy provision.  *See Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006).  The FECA "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity."  *Lockheed Aircraft Corp.*, 460 U.S. at 193.

In Chung's December 12, 2005 complaint, she requests damages for mental stress, psychological depression, anxiety, fibromyalgia, etc.  *Complaint* ¶ 8.  She also alleges

DOL "violated the constitutional law and disregarded my civil rights."  *Complaint* ¶ 2.[7]  The ECAB Decision and Order, dated August 12, 2005, and the OWCP notice of decision, dated June 24, 2004, specifically addressed Chung's claims of "fibromyalgia" and the ECAB Decision and Order addressed Chung's

---

[7] The FTCA has waived the sovereign immunity of the United States only to the extent that a private person would be liable under the law of the place where the act or omission occurred.  *FDIC v. Meyer*, 510 U.S. 471,  477-78 (1994); 28 U.S.C. § 1346(b).  The "reference to the 'law of the place' means law of the State-the source of substantive liability under the FTCA."  *FDIC v. Meyer*, 510 U.S. at 477.  "By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."  *FDIC v. Meyer*, 510 U.S. at 478.  Therefore, the FTCA does not provide redress for constitutional tort claims against the United States or its agencies.  *See also Taylor v. FDIC*, 132 F.3d 753, 768 (D.C. Cir. 1997); *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984); *Rivera v. U.S.*, 924 F.2d 948, 951 (9th Cir. 1991). *Spinelli*, 446 F.3d at 161; *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000).

"psychological difficulties."  FECA covers "emotional conditions" as well as "derivative harms" such as pain incurred as a result of administrative delay.

In its Decision and Order, ECAB found Chung had failed to meet her burden of proof to establish her claims of fibromyalgia and emotional stress.  The decision makes it clear that such conditions are covered under FECA, but Chung's claims were rejected due to lack of supporting evidence.  The Secretary of Labor's determination of FECA coverage is "conclusive."  *Spinelli*, 446 F.3d at 161.  The court stressed in *Spinelli* that because FECA is an absolute remedy for all aspects of the claimant's emotional suffering, it was "irrelevant" he never received compensation.  *Id.*  The fact that the Secretary may deny compensation for a covered injury due to a lack of medical evidence sufficiently establishing fact of injury, or sufficiently establishing a causal relationship between the diagnosed medical condition and federal employment, is irrelevant.  It is coverage, not compensation that bars a suit under the FTCA.  *McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992).

Chung has also requested damages for "ruination of financial credit" and "lack of wage/pay for over 6 years;" however, DOL has no statutory duty or responsibility to Chung, under FECA, regarding these allegations in her complaint.  To the extent Chung is seeking a remedy in tort via her December 12, 2005 FTCA claim for an employment-related injury, this action is barred.  Chung cannot seek damages in tort against the United States for an injury that occurred on the job.  As a federal employee, Chung's exclusive remedy is with the FECA.  Therefore, Chung's December 12, 2005 FTCA claim, regarding the two above DOL decisions, is barred by the exclusive remedy provision of FECA.

**Conclusion**

For the foregoing reasons, defendant requests that this case be dismissed with prejudice.

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney

___/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

___/s/_____
CHARLOTTE A. ABEL
 D.C. Bar  No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
NAOMI N. CHUNG,                         )
                                        )
                    Plaintiff,          )      Civil Action No. 07-398(ESH)
                                        )      ECF
                                        )
            v.                          )
                                        )
ELAINE CHAO, SECRETARY,                 )
U.S. DEPT. OF LABOR,                    )
                                        )
                    Defendant.          )
_____)

**O R D E R**

Upon consideration of the defendant's Motion for to Dismiss, and for good cause shown,

it is on this _____ day of _____, 2007,

ORDERED: that Defendant's Motion to Dismiss is granted.


_____
UNITED STATES DISTRICT JUDGE

Charlotte A. Abel
Asst. U.S. Attorney
555-4th St., N.W.
Washington, D.C. 20530

Naomi N. Chung
13842 Lambertina Pl.
Rockville, MD  20050

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NAOMI N. CHUNG, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 07-0398 (ESH)** |
| | ) | |
| v. | ) | |
| | ) | **DECLARATION OF** |
| SECRETARY OF LABOR, | ) | **EDWARD DUNCAN** |
| | ) | |
| Defendant. | ) | |
| | ) | |

I, EDWARD DUNCAN, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1.    I am the Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs (OWCP), United States Department of Labor (DOL), Washington, D.C., and in that capacity oversee the actions of the OWCP concerning matters of policy regarding claims for compensation under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.* A review of the official FECA case file of Naomi N. Chung (Chung) and the computer records maintained by OWCP reveal the following.

2.    On July 9, 1999, Chung, an automation clerk for the U.S. Postal Service in Gaithersburg, Maryland, filed a CA-1 Form, "Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation" with OWCP, as a result of a work-related injury. *See* Exhibit A-1. Chung alleged that on July 7, 1999, she strained/sprained her right middle finger while taking a tray off of a shelf. *Id.*

3.      By letter dated October 29, 1999, OWCP accepted Chung's claim for arthralgia of the right hand, middle finger (OWCP File No. 250545560). *See* Exhibit A-2. By letter dated March 21, 2000, OWCP denied Chung's claim for compensation benefits for the period October 23-25, 1999, finding that the medical evidence failed to establish disability for work due to the injury of arthralgia of the right middle finger. *See* Exhibit A-3.

4.      On April 7, 2000, Chung filed a Form CA-2, "Notice of Occupational Disease and Claim for Compensation," with OWCP. *See* Exhibit A-4. She alleged pain in her shoulders, fingers and both hands as a result of her work as an automation clerk with the U.S. Postal Service. *Id.* By letter dated August 28, 2000, OWCP accepted Chung's claim for right wrist sprain, cervical strain and right shoulder impingement as a result of factors of federal employment (OWCP File No. 250561456). *See* Exhibit A-5. Both of Chung's FECA claims were combined into one OWCP case record and one master file number.

5.      By letter dated December 4, 2000, OWCP informed Chung she would receive a payment totaling $6,470.36 for intermittent periods of lost wages claimed between December 2, 1999 and May 5, 2000. *See* Exhibit A-6. By letter dated March 26, 2001, OWCP denied Chung's claim for compensation benefits for the intermittent periods of October 23-25, 1999, November 27, 1999 through December 1, 1999, June 17-30, 2000 and beginning July 1, 2000 onward. *See* Exhibit A-7. OWCP stated that Chung failed to provide medical documentation to support these intermittent periods of her disability as a result of her accepted work-related injury. *Id.*

6.      By letter dated April 2, 2001, Chung requested an oral hearing before an OWCP hearing representative in Washington, D.C., regarding OWCP's denial of the intermittent compensation benefits. *See* Exhibit A-8. A hearing was held on August 28, 2001, at which Chung provided testimony. *See* Exhibit A-9. In a decision dated November 9, 2001, the OWCP hearing representative affirmed OWCP's March 26, 2001 decision. *See* Exhibit A-10.

7.      By letter dated June 6, 2002, Chung requested reconsideration of the OWCP hearing representative's decision. *See* Exhibit A-11. By letter dated September 6, 2002, OWCP denied Chung's request for reconsideration for the reason that the evidence she submitted was cumulative and not sufficient to warrant a merit review of the prior decision. *See* Exhibit A-12.

8.      On December 17, 2002, Chung filed an appeal with the Employees' Compensation Appeals Board (ECAB). *See* Exhibit A-13. On January 9, 2004, ECAB issued an Order setting aside OWCP's September 6, 2002 decision and remanding the case for further development, including a merit reconsideration decision. *See* Exhibit A-14.

9.      By letter dated June 24, 2004, OWCP issued a notice of decision, denying Chung's request for reconsideration for the reason that the evidence and argument submitted and of record were not sufficient to warrant modification of the OWCP decision of November 9, 2001. *See* Exhibit A-15.

10.     On September 30, 2004, Chung filed an appeal with ECAB. *See* Exhibit A-16. On August 12, 2005, ECAB issued a Decision and Order affirming OWCP's decision of June 24, 2004, finding that Chung did not meet her burden of proof to

3

establish entitlement for the claimed periods of disability and failed to meet her burden of proof that she was physically and psychologically disabled or that she had fibromyalgia for the periods of claimed disability. *See* Exhibit A-17.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of May, 2007.

**EDWARD DUNCAN**
Deputy Director for Federal Employees' Compensation
Office of Workers' Compensation Programs
U.S. Department of Labor

4

# Exhibit A-1

Federal Employee's Notice of
Traumatic Injury and Claim for
Continuation of Pay/Compensation

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs



Employee: **Please complete all boxes 1 - 15 below. Do not complete shaded areas.**
Witness: Complete bottom section 16.
Employing Agency (Supervisor or Compensation Specialist): Complete shaded boxes a, b, and c.

| 1. Name of employee (Last, First, Middle) | 2. Social Security Number |
|---|---|
| Chung Nam O | 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 |

| 3. Date of birth Mo. Day Yr. | 4. Sex | 5. Home telephone | 6. Grade as of date of injury Level 04 Step M |
|---|---|---|---|
| 08 01 52 | ☐ Male ☑ Female | (301) 279-0105 | |

7. Employee's home mailing address (include city, state, and ZIP code)

14402 Coral Gables Way

North Potomac, MD 20878

8. Dependents
☑ Wife, Husband
☑ Children under 18 years
☐ Other

9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine)

16501 Shady Grove Rd Gaithersburg MD Processing & Distribution Center

| 10. Date injury occurred Mo. Day Yr. | Time | 11. Date of this notice Mo. Day Yr. | 12. Employee's occupation |
|---|---|---|---|
| 07 07 99 | 04:10 ☑ a.m. ☐ p.m. | 07 09 99 | Mail Processor |

13. Cause of injury (Describe what happened and why)

Employee claims while taking a tray down off an APC she hurt her right middle finger

14. Nature of injury (Identify both the injury and the part of the body, e.g. fracture of left leg)

right middle finger (strain) or (sprain)

15. I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

☐ a. Continuation of regular pay (COP) not to exceed 45 days, and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584.

☐ b. Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or to its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

Signature of employee or person acting on his/her behalf _____ Date 7/9/99

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

Have your supervisor complete the receipt attached to this form and return it to you for your records.

16. Statement of witness (Describe what you saw, heard, or know about this injury)

N/A. None

| Name of witness | Signature of witness |
|---|---|
| None | |
| Address | City |
| | State ZIP code |

JUL 1 1999

Form CA-1
Rev. Sept. 1993

Offic. US POSTAL SERVICE
INJURY COMPENSATION OFFICE
17. CAPITAL DISTRICT
900 BRENTWOOD ROAD NE
16 WASHINGTON DC 20066-9441

OWCP Agency Code
548402

OSHA Site Code

ZIP Code

18. Employee's duty station (Street address and ZIP Code)                                                                    ZIP Code

Suburban MD PDC 16501 Shady Grove Rd  Gaithersburg MD   20898

| 19. Regular work hours | From 10:00 ☐a.m. ☐p.m. To: 7:30 ☑a.m. ☐a.m. | 20. Regular work schedule | ☐Sun. ☑Mon. ☑Tues. ☑Wed. ☑Thurs. ☑Fri. ☐Sat. |
|---|---|---|---|

| 21. Date of injury | Mo. Day Yr. 09 07 99 | 22. Date notice received | Mo. Day Yr. 09 09 99 | 23. Date stopped work | Mo. Day Yr. | Time : | ☐a.m. ☐p.m. |
|---|---|---|---|---|---|---|---|

| 24. Date pay stopped | Mo. Day Yr. | 25. Date 45 day period began | Mo. Day Yr. | 26. Date returned to work | Mo. Day Yr. | Time : | ☐a.m. ☐p.m. |
|---|---|---|---|---|---|---|---|

27. Was employee injured in performance of duty? ☑Yes ☐No (If "No," explain)

According to statement giving by employer

28. Was injury caused by employee's willful misconduct, intoxication, or intent to injure self or another? ☐Yes (If "Yes," explain) ☑No

29. Was injury caused by third party? ☐Yes ☑No (If "No," go to item 31.)

30. Name and address of third party (include city, state, and ZIP code)

31. Name and address of physician first providing medical care (include city, state, ZIP code)

32. First date medical care received  Mo. Day Yr. 09 09 99

33. Do medical reports show employee is disabled for work? ☐Yes ☐No

34. Does your knowledge of the facts about this injury agree with statements of the employee and/or witness? ☐Yes ☑No (If "No," explain)

See attached supervisor statements

35. If the employing agency controverts continuation of pay, state the reason in detail.

36. Pay rate when employee stopped work
$ 30,203  Per yr

37. A supervisor who knowingly certifies to any false statement, misrepresentation, concealment of fact, etc., in respect of this claim may also be subject to appropriate felony criminal prosecution.

I certify that the information given above and that furnished by the employee on the reverse of this form is true to the best of my knowledge with the following exception:

Adrian D. Simmons
Name of Supervisor (Type or print)

Adrian Simmons
Signature of Supervisor

Supervisor Dist. Operation
Supervisor's Title

Date
7-9-99

Office phone
(301) 670-6049

0003

38. Filing instructions
☐ No lost time and no medical expense: Place this form in employee's medical folder (SF-66-DI)
☐ No lost time, medical expense incurred or expected: forward this form to OWCP
☐ Lost time covered by leave, LWOP, or COP: forward this form to OWCP
☐ First Aid Injury

Form CA-1
Rev. Sept. 1993

**Exhibit A-2**

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
800 N CAPITOL ST NW RM 800
WASHINGTON DC 20211
Phone: (202) 565-9770

October 29, 1999

File Number:   250545560
Date of Injury: 07/07/1999
Employee:     Nam Chung

Nam O. Chung
14402 Coral Gables Way
North Potomac, MD 20878

Dear Ms. Chung:

I am writing in reference to your claim for the above injury, which you sustained while employed by the agency identified below.
Your claim is accepted for:
Arthralgia (right hand, middle finger)

If your injury results in disability for work or the need for medical treatment, you may be eligible to receive continuation of pay
(COP) until you recover or return to light duty, up to a maximum of 45 calendar days. If wage loss continues after the expiration
of COP, you are eligible to claim disability compensation on Form CA-7. Bills for medical expenses related to the accepted
condition(s) noted above will be processed for payment by this office following proper submission of charges. This includes
medications which are prescribed for the accepted condition(s) noted above.

Pharmacies may bill this office directly using the Universal Claim Form. The pharmacy should include the following
information: the case file number, the nine-digit tax ID number, the NDC number, the prescription number, the quantity of
medication prescribed, the name of the prescribing physician, and the date of purchase. If you request reimbursement, please
complete Form CA-915, which is used in addition to the Universal Claim Form. You may obtain Form CA-915 from your
employing agency or from this office.

Please provide a detailed narrative medical report from your attending physician which includes: history of injury; findings and
results of all tests and x-rays; diagnosis; clinical course of treatment; prognosis; period and extent of disability; and an opinion on
the relationship of any continuing disability to the accepted injury.

Since your accepted condition is an injury to the muscles, bones or joints, physical therapy may be authorized if prescribed by
your physician and noted in the medical reports submitted to this Office. Please be aware that authorization for physical therapy
treatments may be extended for an initial period of up to 120 days from the date of this letter. Payment for services exceeding
120 days from now will require additional medical justification.

Physical Therapy authorized.

The enclosure, which is entitled "Now That Your Claim Has Been Accepted . . .", provides information about payment of bills,
claims for compensation, and other matters pertinent to your claim.

Sincerely,

Eleanor S. Shields
Claims Examiner

US POSTAL SERVICE
INJURY COMPENSATION OFFICE
900 BRENTWOOD RD N E
WASHINGTON, DC 20066
Enclosure: CA-1009

Exhibit A-3

**U.S. Department of Labor**

Employment Standards Administration
Office of Workers' Compensation Programs
Division of Federal Employees' Compensation
Room 800
800 North Capitol Street, N.W.
Washington, D.C. 20211



March 21, 2000

File Number:

File Number: 25-0545560
Date of Injury: 07/07/1999
Employee: NAM O. CHUNG
CSA Number:
Date of Birth: 08/01/1952

NAM O. CHUNG
14402 CORAL GABLES WAY
NORTH POTOMAC, MD. 20878

Dear Ms. CHUNG:

Your claim for compensation benefits has been disallowed for the reason stated in
the enclosed copy of the Compensation Order. The decision was based on all
evidence of record and on the assumption that all available evidence has been
submitted. If you disagree with the decision, you may follow any one of the
courses of action outlined on the attached Form ENAPPA.

Under Office of Personnel Management (OPM) regulations, an employee who recovers
from a compensable injury within one year is entitled to mandatory job restoration
and is expected to apply for work with the employing Federal agency immediately
upon recovery. Employees who recover more than one year after the injury are
entitled to priority consideration, provided they apply for reemployment within 30
days after compensation ceases. You may obtain further information concerning
restoration rights from your agency or any OPM area office (if you are a postal
employee, contact your local personnel office). You should also contact your
former employing agency or OPM for advice on continuing any health insurance and/or
life insurance coverage.

Sincerely,

DUANE A. CEASAR
Senior Claims Examiner

Enclosure(s): Compensation Order, Memorandum to the Director, ENAPPA

CA1042-D

US POSTAL SERVICE
CTP: TONI GRIER
INJURY COMPENSATION OFFICE
900 BRENTWOOD RD N E
WASHINGTON DC 20066

CBB          WORKING TO IMPROVE THE LIVES OF AMERICA'S WORKING FAMILIES

**250545560**

U. S. DEPARTMENT OF LABOR
OFFICE OF WORKERS' COMPENSATION PROGRAMS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

In the matter of the claim for compensation
Under the Federal Employees' Compensation
Act (5 U.S.C. 8101 et seq.) of

Nam Chung
    Claimant

                             COMPENSATION ORDER

                             REJECTION OF CLAIM

                             CASE FILE NO. 250545560

Employed by: U.S. Postal Service
              Washington, DC 20066

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Such investigation in respect to the above-entitled claim having been made as is considered necessary, and after due consideration of such claim and reports of record, the Office makes the following:

FINDINGS OF FACT

1. Timely notice of injury and claim for compensation were respectively given and filed by the claimant, a Federal employee, for an injury of right middle finger sustained in the performance of duty.

2. The claim was approved for arthralgia of the right middle finger.

3. The Memorandum to the Director dated March 16, 2000 is made a part hereof by reference.

4. The evidence of file fails to establish that the claimant was disabled for work for the dates of October 23, 1999 to October 25, 1999.

Upon the foregoing findings of fact, it is ORDERED that this claim for compensation of wage loss be and the same is hereby DENIED for the reason that the evidence of file fails to establish disability for work due to the injury of arthralgia of the middle right finger.

                           Given under my hand at

Washington DC,

                           this 30th day of March
                           for the Director of Workers'
                           Compensation Programs.

                           By: Duane Ceasar
                           Senior Claims Examiner

Date: March 16, 2000

MEMORANDUM TO: THE DIRECTOR

FROM: ELEANOR S. SHIELDS
       CLAIMS EXAMINER

SUBJECT: A250545560, NAM CHUNG

The issue is whether the claimed compensation for wage loss beginning October 23, 1999 is causally related to the injury of July 7, 1999.

Claimant, a Postal Employee, has an approved claim for arthralgia of the middle right finger resulting from the above injury.

The claimant has the burden of proving by reliable, substantial, and probative evidence that there exists a causal relationship between alleged total disability and the work-related injury. This includes the submission of rationalized medical opinion evidence, based upon a complete and accurate history of injury and intervening injuries or conditions, as well as a discussion of any preexisting conditions that might bear on the claim.

Claimant was advised that medical documentation with rational discussing the reasons for disability during this period was required in order to complete the processing of this claim, by letter dated December 20, 1999. Such medical documentation was necessary because the records indicate that the physician released the claimant back to work as of July 9, 1999 with the restrictions of no lifting with the right hand.

Additional medical documentation was received, however, it provides diagnosis and disability for conditions other than the work related accepted condition.

A physician's opinion supporting causal relationship between a claimant's disability and a specific employment incident or factors of employment is not dispositive on the issue of causal relationship simply because it is rendered by a physician. To be of probative value to an employee's claim, the physician must provide rationale for the opinion reached. Where no such rationale is present the medical opinion is of diminished probative value. Michael Stockert, 39 ECAB ___ (1988).

Recommendation: Claim for compensation for wage loss beginning October 23, 1999 is denied for the reason that the evidence of file fails to establish that a claimed total disability is causally related to the approved injury.

I Approve:

Claim for compensation due to injury on 7/7/99 only accepted for right middle finger injury. Claim due to problems involving shoulder condition not accepted as resulting from 7/7/99 injury for 10/23/99 to 10/23/99 period claimed.    Dumel Ceusor, SrCE

# Exhibit A-4

# Notice of Occupational Disease and Claim for Compensation

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs



**Employee:** Please complete all boxes 1 – 18 below. Do not complete shaded areas.
**Employing Agency (Supervisor or Compensation Specialist):** Complete shaded boxes a, b, and c.

### Employee Data

| | |
|---|---|
| 1. Name of employee (Last, First, Middle) <br> CHUNG  NAM  OK | 2. Social Security Number <br> 227 – 39 – 7320 |

3. Date of birth  Mo.  Day  Yr.     4. Sex     5. Home telephone
OCT / 15 21     F     (301) 279-0105

6. Grade as of date of last exposure  Level  4  Step

7. Employee's home mailing address (include city, state, and ZIP code)

14402  CORAL  GABLES  WAY
N-POTOMAC,  MD  20878

8. Dependents
☑ Wife, Husband
☐ Children under 18 years
☑ Other

### Claim Information

9. Employee's occupation

AUTOMATION  CLERK

Occupation code

10. Location (address) where you worked when disease or illness occurred (Include city, state, and ZIP code)

USPS
16501  SHADY  GROVE  Rd
GAITHERSBURG  MD, 20898

11. Date you first became aware of disease or illness
Mo.  Day  Yr.
7  1  99

12. Date you first realized the disease or illness was caused or aggravated by your employment
Mo.  Day  Yr.
7  9  99

13. Explain the relationship to your employment, and why you came to this realization

I have worked for the postal service since April, 1989. I was a keyer for the SPBS and LSM for 5 or 6 years. I am not sure the years. But I had key until the LSM were moved. Then I worked OCR for several years. I had to lift heavy trays and lift my arms too high position every day. That made my had shoulder pain. The first time whenever I took rest, it was gone. Finally, even I took rest the pain was not gone, It stayed there all the time <att.>

14. Nature of disease or illness

Pain on the shoulders, fingers. spain. Fingers wickness. Swelling of the fingers. Stiffness. < Both shoulder and both hand.>

OWCP Use - DO Code
Type code  c. Source code

15. If this notice and claim was not filed with the employing agency within 30 days after date shown above in item #12, explain the reason for the delay.

The problem on my finger (right, middle) was related with the shoulder when I reported about the finger, I complained the shoulders. I had treatment for the shoulder from the beginning. I had treatment for the spain two

16. If the statement requested in item 1 of the attached instructions is not submitted with this form, explain reason for delay.

17. If the medical reports requested in item 2 of attached instructions are not submitted with this form, explain reason for delay.

N/A

### Employee Signature

18. I certify, under penalty of law, that the disease or illness described above was the result of my employment with the United States Government, and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and other benefits provided by the Federal Employees' Compensation Act.

Signature of employee or person acting on his/her behalf  _Nam Chung_  Date 4/7/00

Have your supervisor complete the receipt attached to this form and return it to you for your records.

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

19. Agency name and address of reporting office (No., Street, City, State, and ZIP Code)

UNITED STATES Postal Services

16501 Shady GK Rod

Gaithersburg MD 20848

20. Employee's duty station (Street address and ZIP Code)

ZIP Code

OWCP Agency Code

OSHA Site Code

ZIP Code

21. Regular work hours    □ a.m.    From: ZZ:50☒ p.m. To: 07:00 □ a.m. □ p.m.

22. Regular work schedule    □ Sun.    □ Mon.    □ Tues.    □ Wed.    ☒ Thurs.    ☒ Fri.    □ Sat.

23. Name and address of physician first providing medical care (include city, state, ZIP code)

24. First date medical care received    Mo.    Day    Yr.

25. Do medical reports show employee is disabled for work?    □ Yes    □ No

26. Date employee first reported condition to supervisor    Mo.    Day    Yr.

27. Date and hour employee stopped work    Mo.    Day    Yr.    11 . 128 . 99    Time 07:00 □ a.m. ☒ p.m.

28. Date and hour employee's pay stopped    Mo.    Day    Yr.    Time    :    □ a.m. □ p.m.

29. Date employee was last exposed to conditions alleged to have caused disease or illness    Mo.    Day    Yr.

30. Date returned to work    Mo.    Day    Yr.    3 . 13 . 00    Time ZZ:50 □ a.m. ☒ p.m.

31. If employee has returned to work and work assignment has changed, describe new duties

32. Was injury caused by third party?    □ Yes    ☒ No    If "No," go to Item 34.

33. Name and address of third party (include city, state, and ZIP code)

**Signature of Supervisor**

34. A supervisor who knowingly certifies to any false statement, misrepresentation, concealment of fact, etc., in respect to this claim may also be subject to appropriate felony criminal prosecution.

I certify that the information given above and that furnished by the employee on the reverse of this form is true to the best of my knowledge with the following exception:

NALVIN W. HARMON
Name of Supervisor (Type or print)

Nalvin W Harmon
Signature of Supervisor

Supervisor's Title

Supervisor of Distribution

Date    7.7.00

Office phone    301-670-6049

U.S. Government Printing Office 1994 — 386-420

Form CA-2
Rev. Sept. 1991

And my finger got swollen. It got weakness.
I cannot even make a fist. I had problem to wash
my hair. and problem to knock the door.
Now I have problems whatever. it is repeatative.
Every single motion is all right. I have no problem
for the single motion. I can do everything.
When I keep doing the same motion, I have a
problem (pain) a little later.
At this point, it makes me have less pain
that I use my arms different way. (varity way)
I feel I am living with the pain.
But I want to minize the pain, and defer the
pain.

Nan O. Chung
4/7/00

Exhibit A-5

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
800 N CAPITOL ST NW RM 800
WASHINGTON DC 20211
Phone: (202) 565 - 6964

August 28, 2000

Date of Injury: 07/08/1999
Employee:      Nam Chung
File Number: 250561456

Nam O. Chung
14402 Coral Gables Way
North Potomac, MD 20878

Dear Ms. Chung:

This is to notify you that your occupational disease claim has been accepted for the condition(s) of: **wrist strain [R]; EMG; MRI**

The FECA provides for payment of appropriate medical expenses related to your occupational disease following proper submission of charges to this office. Bills should reflect the above ICD-9 code(s) to avoid delay or rejection of payment.

Lost time from work may be claimed by filing Form CA-7. After the CA-7, later periods of disability may be claimed by filing Forms CA-8. Any claim for lost wages must be submitted through your employing agency. They will complete the pay rate information and prepare a day-by-day absence analysis showing your pay status during the period(s) claimed.

Arrange for submission of a medical report from the private physician who examined you as a result of this injury. The information submitted with your claim is insufficient to establish that you sustained an injury on the above date. If you have received any medical treatment from a physician, clinic, or hospital for this injury, you should arrange for submission of the medical records. Any physician's report submitted must include:

dates of examination and treatment; history of injury given by you to the physician; detailed description of findings ;results of all X-ray and laboratory tests; diagnosis and clinical course of treatment followed; the physician's opinion supported by a medical explanation as to how the reported work incident caused or aggravated the claimed injury. This explanation is crucial to your claim.

TO EMPLOYER: IF A CA-7 IS FILED CLAIMING COMPENSATION FOR WAGE LOSS, PLEASE ATTACH A COPY OF THE POSITION DESCRIPTION (INCLUDING PHYSICAL REQUIREMENTS) FOR THE JOB HELD BY THE EMPLOYEE WHEN DISABILITY BEGAN.

If you have any questions regarding your claim you may contact me at the above address.

Sincerely,


ANGELA HAILEY
Claims Examiner



US POSTAL SERVICE
INJURY COMPENSATION OFFICE
900 BRENTWOOD RD N E
WASHINGTON, DC 20066



Enclosure: "Guide for Claimants" containing useful information

**Exhibit A-6**

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs
Division of Federal Employees' Compensation
Room 800
800 North Capitol Street, N.W.
Washington, D.C.  20211



December 04, 2000                    File Number:

                                                                          CA9999

                                        File Number:   25-0561456
                                        Date of Injury: 07/08/1999
                                        Employee: NAM O. CHUNG

NAM  O. CHUNG
14402 CORAL GABLES WAY
NORTH POTOMAC, MD.  20878

Dear Ms. CHUNG:

This has further reference to your claim for compensation benefits filed with
this Office.

Pursuant to our letter dated August 31, 2000, compensation has only been
processed for 448 hours for the period December 02, 1999 to may 05, 2000
because we have not received any medical documentation prior to December 02,
1999 to support the 17.24 hours claimed October 23, 1999, to October 25, 1999
and 24 hours claimed November 27, 1999 to December 01, 1999.

You will receive a check in the amount of $6,470.36, which represents
compensation for lost wages claimed for the 448 hours noted from December 02,
1999 to May 05, 2000. The check will be dated for December 08, 2000 and should
be received within the next two weeks. Failure to submit the medical evidence
for the unpaid period of hours October 23, 1999 to December 01, 1999 within 30
days from the date of this letter, may result in the denial of your claim for
this period.

If you have further questions, you may wish to contact the Office at the above
address or by telephone at (202) 565 9770. Your assigned claims examiner is Ms.
Angela Hailey.

Sincerely,

DUANE A. CEASAR
Senior Claims Examiner

CA9999- -

US POSTAL SERVICE
CTP: TONI GRIER
INJURY COMPENSATION OFFICE
900 BRENTWOOD RD N E
WASHINGTON DC 20066

CBB              **WORKING TO IMPROVE THE LIVES OF AMERICA'S WORKING FAMILIES**
                                         CA9999

# Exhibit A-7

File Number: 250561456

1042-D-

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
800 N CAPITOL ST NW RM 800
WASHINGTON DC 20211
Phone: (292)565-9770

March 26, 2001

Date of Injury: 07/08/1999
Employee:    Nam Chung

Nam O. Chung
14402 Coral Gables Way
North Potomac, MD 20878

Dear Ms. Chung:

Your claim for compensation benefits has been disallowed for the reason stated in the enclosed copy of the
compensation order. The decision was based on all evidence of record and on the assumption that all available
evidence has been submitted. If you disagree with the decision, you may follow any one of the courses of action
outlined on the attached appeal rights.

Further medical treatment at OWCP expense is not authorized and prior authorization, if any, is hereby terminated.

Under Office of Personnel Management (OPM) regulations, an employee who recovers from a compensable injury
within one year is entitled to mandatory job restoration and is expected to apply for work with the employing
Federal agency immediately upon recovery. Employees who recover more than one year after the injury are entitled
to priority consideration, provided they apply for reemployment within 30 days after compensation ceases. You
may obtain further information concerning restoration rights from your agency or any OPM area office (if you are a
postal employee, contact your local personnel office). You should also contact your former employing agency or
OPM for advice on continuing any health insurance and/or life insurance coverage.

Sincerely,

DUANE CEASAR
Senior Claims Examiner

US POSTAL SERVICE
INJURY COMPENSATION OFFICE
900 BRENTWOOD RD N E
WASHINGTON, DC 20066
Enclosures: Compensation Order with Appeal Rights
Memorandum to the Director

**U.S. DEPARTMENT OF LABOR**
**OFFICE OF WORKERS' COMPENSATION PROGRAMS**

In the matter of the claim for compensation under
Title 5, U.S. Code 8101 et seq. of

NAM O CHUNG

                    Claimant

employed by:

US POSTAL SERVICE
INJURY COMPENSATION

**COMPENSATION ORDER**

**DENIAL OF COMPENSATION IN CASE**
A25-561456

Such investigation under 5 USC 8101 et seq. in respect to the
above-entitled claim having been made as is considered necessary,
and after due consideration of such claim and reports of record,
the Office of Workers' Compensation Programs makes the following:

**FINDINGS OF FACT**

The claimant named above was employed by the agency named above
as set forth in the attached Memorandum to the Director; the
claimant filed timely notice for a traumatic injury and claim for
compensation; that the attached Memorandum to the Director
contains the remainder of the essential findings of fact in this
claim and is made a part hereof by reference.

Upon the foregoing Findings of Fact, it is **ORDERED** that
compensation be, and the same is hereby **DENIED** for the following
reason(s):

The claimant failed to provide medical documentation to support
disability from work for the intermittent periods October 23,
1999 through October 25, 1999, November 27, 1999 through December
1, 1999, June 17, 2000 through June 30, 2000 and beginning July
1, 2000 as a result of her July 8, 1999, work-related injury.

                    Given under my hand at
                    Washington, D.C.
                    This 26th day of March, 2001
                    For the Director of the Office of
                    Workers' Compensation Programs

                    DUANE A. CEASAR
                    Senior Claims Examiner

March 16, 2001


MEMORANDUM TO:         THE DIRECTOR


FROM:                  ANNA MARIA ADAMS
                       Claims Examiner


SUBJECT:               A25-561456, NAM O CHUNG


The question for determination is whether or not Nam O. Chung,
born August 1, 1952, who was employed with the U. S. Postal
Service, located in Washington, D.C., as an Automation Clerk, was
disabled from work for the intermittent periods October 23, 1999
through October 25, 1999, November 27, 1999 through December 1,
1999, June 17, 2000 through June 30, 2000, and beginning July 1,
2000, as a result of her accepted July 8, 1999 work-related
injuries.

A timely claim for occupational disease/injury was filed by the
claimant, Nam O. Chung, an employee of the United States Postal
Service, for a work injury that occurred on or before July 8,
1999.  The claim for compensation was accepted for a right wrist
sprain/strain, cervical sprain/strain and right shoulder
impingement.

On July 17, 2000, the claimant, through her employing agency,
submitted a claim for continuing compensation on account of
disability for intermittent wage loss for the periods October 23,
1999 through May 5, 2000. The claimant was paid compensation for
wage loss for the period December 2, 1999 to May 2, 2000. She was
later advised by the Office in a letter dated December 4, 2000,
that medical evidence was needed to support the intermittent
periods of disability from October 23, 1999 to October 25, 1999
and November 27, 1999 to December 1, 1999.

On November 15, 2000, the Office received another claim. This
claim was for leave buy-back for the period June 17, 2000 through
June 30, 2000. By letter dated December 12, 2000,the Office again
advised Ms. Chung that medical documentation was needed to support
disability for the period claimed.  Subsequent claims were
submitted for continuing total disability for wage loss beginning
July 1, 2000.

Ms. Chung was advised in another letter dated January 4, 2001,
that detailed medical rationale was needed to support total
disability as well as her physician's assessment of her ability to
return to work, and in what capacity.

*have* ✓

In support of her claim, Ms. Chung submitted a medical report dated October 10, 2000 by Steven S. Hughes, M.D., an orthopedic specialist. Dr. Hughes stated in his report: "This 48-year-old right hand dominant laborer for the United States Postal Service was involved in an injury while lifting a heavy tray. She states that she had had intermittent episodes of being out of work since the original accident, and since June of this year, she has been completely out. She relates that there is no legal action pending. She denies bowel or bladder complaints. She states that her symptoms are variable in nature, but are associated with stiffness in the morning. She states that she awakened on the night of October 5, 2000, but it was not associated with constitutional symptoms. She states that there is no particular improvement with any position, just occasional medication. Her symptoms are made worse with any attempt at laboring or her typical home making activities".

In Dr. Hughes' report dated November 4, 2000, he opined: "I am at a loss to explain the severity of her low back and neck symptoms. At this juncture, I believe that she will be able to return to some sedentary duties in the near future. She has told me she is going to opt of another opinion".

Emma Dilorio, M.D., rheumatologist subsequently submitted a medical report dated December 22, 2000. Dr. Dilorio stated in her report: "She started developing pain in her shoulders and her neck. It then spread to her lower back. Her whole back hurts at this point. She has seen at least two orthopedists and a neurologist. She had an EMG and nerve conduction study done of the upper extremities, which indicated a mild right carpal tunnel syndrome. She also had a MRI of her back done, which indicated minimal disk bulge at L4-5. The orthopedist and neurologist both could not find any explanation for her discomfort. She gets occasional hand discomfort and numbness of her hands. She has been out of work since June of 2000. She had a bone scan done, which showed increased activity at the L3 vertebral body, which was nonspecific but then subsequently had the MRI, which showed no abnormalities at L3. She had a tiny central disc herniation at L4-5. She has had physical therapy and acupuncture. She tried various anti-inflammatories, but states they give her some type of reaction. She has had insomnia and headaches".

Dr. Dilorio further opined: "The cause of her pain is unclear to me. She seems to have pain out of proportion to her physical findings. There may be a component of fibromyalgia, but I found it interesting that without even touching her she winced in discomfort."

In another medical report submitted by Mark A. Peterson, a orthopedist, dated December 8, 2000, Dr. Peterson stated: "This patient has chronic neck and back pain and appears to have symptoms consistent with fibromyalgia. I think she would be much better treated by a rheumatologist and have given her a name, Dr. Emma Dilorio, to see. She did ask about being kept off work and I told her from my standpoint, I don't see anything medically that she should stay off work.I think activity would help her with her symptoms and is not at any increased medical risk from continuing to work".

Still, another medical report from Dr. Dilorio dated January 12, 2001, stated: "Patient, I evaluated who was a postal worker, who for the past year has been having neck, shoulder and back problems, she states since lifting a heavy tray a work.  I was basically unable to touch the patient.  Where ever she was touched she claimed to have severe discomfort.

In summary, multiple physicians have examined the claimant. None of them could explain or find a specific cause for her pain. The claimant has had x-rays, MRI's, an EMG and nerve conduction studies performed. It was thought that she might have fibromyalgia, although it was thought that a lot of her symptoms were out of portion to the physical findings expressed. Dr. Dilorio, gave an impression of "Diffuse pain, unclear etiology". He too thought the claimant may have fibromyalgia, but again, it was noted that a lot of her symptoms on examination exaggerated.

The medical opinion expressed by all of the physician's who have examined and/or treated the claimant is that there is no medical explanation for her condition and/or disability. The medical reports submitted do not address or support the causal relationship between Ms. Chung's current medical symptoms, in particular, her herniated low back disc and her mild right wrist carpal tunnel syndrome conditions, to the factors of her federal employment as a result on or before her established July 8, 1999 work-related injuries.

**ECAB has stated: "The mere fact that a condition manifests itself or worsens during a period of employment does not raise an inference of an employment relationship. Neither the fact that the condition became apparent during a period of employment nor the belief of the employee that the condition was caused or aggravated by employment factors, is sufficient to establish causal relationship. Causal relationship is a medical issue that can be established only by medical evidence". Ruth C. Borden, 43 ECAB 146 (1991).**

It is therefore recommended that the claims for wage lost and leave buy back be denied for the reason that the claimant has failed to demonstrate that she was disabled from work for the periods October 23, 1999 through October 25, 1999, November 27, 1999 through December 1, 1999, June 17, 2000 through June 30, 2000, and beginning July 1, 2000, as a result of her accepted work-related injury of July 8, 1999.

Disagree:

The claimant has failed to establish that the periods of disability claimed resulted due to the effects of her accepted work related condition/injuries,

Dwonet Ceason
Sr. Claim Examiner

# Exhibit A-8

Nam O. Chung
14402 Coral Gables way
N-Potomac, MD 20878

April 2, 2001

Date of Injury; 07/08/1999
File Number  ; 250561456
                        1042-D-

Branch of Hearings and Review
Office of Workers' Compensation Programs
P.O. BOX 37117
Washington, D.C. 20013-7117

Dear Sir or Madam;

I, Nam O. Chung,

REQUEST ; ORAL HEARING


HEA WON CHUNG,
HEA YON CHUNG
will represent at the HEARING (ORAL)


Nam O. Chung
SS # 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
File # 250561456

# Exhibit A-9

UNITED STATES DEPARTMENT OF LABOR

OFFICE OF WORKERS' COMPENSATION PROGRAMS

FEDERAL EMPLOYEES' COMPENSATION ACT

File No. 25-0561456

Claimant:               Nam O. Chung
                        14402 Coral Gables Way
                        North Potomac, MD   20878

Representative:         Pro se

Employed by:            U.S. Postal Service
                        Washington DC Post Office
                        Injury Compensation Office
                        900 Brentwood Rd NE RM 2243
                        Washington, D.C.   20066



***

TRANSCRIPT OF PROCEEDINGS

HEARING REP:            JAMES W. MUSKETT

DATE:                   August 28, 2001

PLACE:                  U.S. Department of Labor
                        200 Constitution Ave. NW
                        Room S4215B
                        Washington, D.C.   20210

TIME:                   9:56 a.m.

REPORTED BY:            Charles Brown,

                        York Stenographic Services

DUPLICATE

York Stenographic Services, Inc.
34 North George St., York, PA 17401 - (717) 854-0077

# Exhibit A-10

U.S. Department of Labor
Office of Workers' Compensation Programs

---

DECISION OF THE HEARING REPRESENTATIVE

In the matter of the claim for compensation under Title 5, U.S. Code 8101 et seq. of NAM O. CHUNG, Claimant; Employed by the U.S. POSTAL SERVICE, GAITHERSBURG, MARYLAND. Case No.: A25-561456. Hearing was held on August 28, 2001, in WASHINGTON, D.C.

---

The issue for determination in this case is whether the claimant's disability for the periods October 23, 1999 through October 25, 1999, October 27, 1999 through December 1, 1999, June 17, 2000 through June 30, 2000 and commencing July 1, 2000 and continuing, are in any way causally related to factors of her federal employment and/or the accepted employment conditions.

Nam O. Chung, date of birth August 1, 1952, is employed by the U.S. Postal Service, Gaithersburg, Maryland, as an Automation Clerk. On April 7, 2000, she filed a Form CA-2, Notice of Occupational Disease, indicating the development of,

> "Pain in the shoulders, fingers, spain [sic] fingers wickness [sic]. Swelling of the fingers. Stiffness. Both shoulder and both hand,"

as a result of factors of federal employment.

The claim was accepted for right wrist sprain, cervical strain, right shoulder impingement, and compensation was provided.

The claimant filed Forms CA-7, "Claims for Compensation," indicating disabilities being claimed for the periods from October 23, 1999 to October 25, 1999, November 27, 1999 through December 1, 1999, December 17, 2000 through June 30, 2000 and commencing July 1, 2000.

By formal decision dated March 26, 2001, the Office denied the claimant's entitlement to compensation for the claimed periods of disability as the medical evidence of record failed to support the claimed disability in any way causally related to the accepted employment related conditions.

By letter dated April 2, 2001, the claimant wrote requesting an oral hearing before a representative of the Office of Workers' Compensation Programs.

The hearing was held on August 28, 2001, in Washington, D.C. At the hearing, the claimant indicated that she has fibromyalgia, which affects her whole body and gives her a great deal of pain. The claimant indicated that she believed that these conditions were brought on by her employment having to perform too much "repetitive work." (See hearing transcript page 10).

The claimant indicated that she was required to perform,

> "...lifting. Lifting up, bending, lifting up, bending. Lifting the heavy trays. I don't know how many pounds. They rush me, I don't know, 30,0000 in one hour so I have to - - I have to keep moving, keep lifting the heavy trays, heavy trays. I was hired as a Clerk for the key, like a typewriter. I wasn't hired as lifting the heavy trays. I wasn't hired like that. I was hired as a kind of a Typist Clerk. But it was changed, the time changed. A lot of automation was developed, still they develop..." (See hearing transcript page 10).

The claimant provided a brief description of her course of medical treatment, and indicated that she wished to expand her claim to include her neck, back, both shoulders and lower back, chest, both arms and hands, and both knees. The claimant was permitted 30 days from hearing within which to submit additional evidence in support of her claim.

No further evidence was provided. A transcript of the hearing was sent to the claimant's employer in accordance with the procedures. No response has been received in the allotted time frame.

After thorough review of the evidence and testimony, I find the District Office decision of March 26, 2001, must be AFFIRMED.

> "To establish entitlement to compensation benefits under the Federal Employees' Compensation Act, it is not sufficient for the employee merely to establish that he or she has disability for employment. The employee must establish that disability is causally related to the accepted employment injury. The Act

provides that for payment of compensation only for as long as there exists a proven physical or related impairment attributable to the employment injury."[1]

In the case at hand, a careful and thorough review of the medical evidence of record fails to reflect medical evidence in which a physician displays knowledge of the claimant's employment activities, provides a definitive diagnosis and/or medical opinion regarding causal relationship between the accepted employment factors, and diagnosis(es) provided, supported by medical rationale. The Office has accepted that the claimant developed a right wrist sprain, cervical strain, and right shoulder impingement as a result of factors of federal employment. The only medical evidence of record in which a physician even addresses causal relationship is the medical opinion rendered by Dr. Emma DiIorio dated December 22, 2000 in which she states in part that,

"...48-year old female with diffuse back and neck discomfort. The cause and the pain is unclear to me. She seems to have pain out of proportion to her physical findings. There may be a component of fibromyalgia but I found it interesting that without even touching her she waits in discomfort..."

Dr. Mark A. Peterson of the Shady Grove Orthopedic Associates in a brief medical report dated December 8, 2000 has indicated in part that,

"...This patient has chronic neck and back pain and appears to have symptoms consistent with fibromyalgia... She did ask about being kept off work and I told her from my standpoint I don't see anything medically that she should stay off work. I think activity would help with her symptoms and is not at any increased medical risk from continuing to work."

A careful and thorough review of the medical evidence of record fails to reflect the claimant's disability for the periods October 23, 1999 through October 25, 1999, November 27, 1999 through December 1, 1999, June 17, 2000 through June 30, 2000 and commencing July 1, 2000 as being in any way causally related to factors of federal employment and/or the accepted medical conditions. As the claimant has failed to supply sufficient medical evidence to support her disability during the periods

---

[1] John A. Ceresoli, Sr., 40 ECAB 305 (1988).

claimed in any way causally related to factors of federal
employment and/or the accepted medical conditions, the District
Office decision of March 26, 2001, is hereby AFFIRMED.

DATED: NOV 9 2001
WASHINGTON, D.C.

James W. Muskett
Hearing Representative
For
Director, Office of Workers'
Compensation Programs

# Exhibit A-11

OWCP · 800 North Capitol St. NW, Rm. 800, Washington, DC 20211

**Receipt of Information**

int: Nam Chung   File: 25-561456

ation Received: letter from claimt request

a recon also med reports

(25) pages   Johnson   6-6-02

Office Signature   Date

Reconsideration ; 25 pages submit

Hand Delivered

File Number : A25-561456

Claim No ; 250 561 456-

SSN ; 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

Name ; Nam O. CHUNG

Address : 8827 Eagle Rock lane Springfield, VA 22153

Nam O. Chung
6/6/2002
12 = 10 P.M

# Exhibit A-12

File Number: 250561456

D-Recon-

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
PO BOX 8300
LONDON KY 40742
Phone: (202) 513-6800

September 6, 2002

Date of Injury: 07/08/1999
Employee:    Nam Chung

NAM O. CHUNG
14402 CORAL GABLES WAY
NORTH POTOMAC, MD 20878

Dear Ms. Chung:

Enclosed is a decision on your request for reconsideration. This Notice of Decision explains the
basis for the present determination.

Your appeal rights are also enclosed. If you wish to pursue this matter, you must carefully
follow the instructions provided.

Sincerely,

Tracey Sawyer
Senior Claims Examiner

US POSTAL SERVICE
INJURY COMPENSATION OFFICE

900 BRENTWOOD RD N E
WASHINGTON, DC 20066

File Number: 250561456
JAXLETTER102-D-RECO

## FEDERAL EMPLOYEES' COMPENSATION ACT APPEAL RIGHTS

If you disagree with this decision denying reconsideration of your case, you may request review by the Employees' Compensation Appeals Board. No new evidence may be submitted to the Board. Request for review by the Appeals Board should be made within 90 days from the date of this decision and should be addressed to:

Employees' Compensation Appeals Board

200 Constitution Ave., N.W.

Room N-2609

Washington, D.C. 20210

For good cause shown, the Appeals Board may waive the failure to file within 90 days if application is made within one year from the date of the decision being appealed.

NOTICE: Section 10.138 (b) (2) of Title 20 of the Code of Federal Regulations, which concerns the reconsideration of a decision by the Office of Workers' Compensation Programs (OWCP), provides that OWCP will not review a decision denying or terminating a benefit unless the claimant's request for review is filed within one year of that decision. This provision of the regulations became effective June 1, 1987. Therefore, even though the decision in your case was issued prior to June 1, 1987, and included the right to reconsideration, without specifying a time limit, a request for reconsideration of that decision will be denied if it is not made within one year from the date of this notice.

Case Number: 250561456

Claimant Name: Nam Chung

ISSUE:

The issue is whether the evidence you have submitted is sufficient to warrant a merit review of the August 28, 2001 decision.

REQUIREMENTS OF ENTITLEMENT:

- To require the Office to reopen a case for merit review under section 8128(a) of the Federal Employees' Compensation Act,[1] the Office's regulations provide that a claimant must -- (1) show that the Office erroneously applied or interpreted a point of law; (2) advance a point of law or a fact not previously considered by the Office; or (3) submit relevant and pertinent evidence not previously considered by the Office.[2]  To be entitled to a merit review of an Office decision denying or terminating a benefit, a claimant also must file his or her application for review within one year of the date of that decision.[3]  When a claimant fails to meet one of the above standards, it is a matter of discretion on the part of the Office whether to reopen a case for further consideration under section 8128(a) of the Act[4]

BACKGROUND:

Nam O. Chung is employed as an Automation Clerk with the U.S. Postal service in Gaithersburg, Maryland.  On April 7, 2000, she filed a Form CA-2, Notice of Occupational Disease.  The Office accepted the claim for right wrist sprain, cervical strain, right shoulder impingement, and she was in receipt of compensation benefits.

In a decision dated March 26, 2001, the Office denied the claimant's entitlement to compensation for the claimed period of disability as the medical evidence of record failed to support the claimed disability in any way causally related to the accepted employment related conditions. The Branch of Hearing and Review affirmed the Office's decision.  This decision is incorporated by reference.

---

[1] 5 U.S.C. 8101 et seq
[2] 20 C.F.R. 10.138(b)(1), 10.138(b)(2).
[3] 20 C.F.R. 10.138 (b) (2)
[4] Joseph W. Baxter, 36 ECAB 228, 231 (1984).

In a letter, dated June 7, 2002, you requested reconsideration of the August 28, 2001 decision.

## DISCUSSION OF EVIDENCE:

In your request for reconsideration, you did not attempt to show that the Office erroneously applied or interpreted a point of law, nor did you attempt to advance a point of law or a fact not previously considered by the Office. Accordingly, you may not obtain a merit review of this claim

Based on the first or second requirement set forth above. You submitted several statements describing your disability and, your complaint of not receiving any monetary compensation, but you did submit a medical note dated April 23, 2002 from Dr. David Higgin and a medical note dated January 12 and February 2, 2001, form Dr. Emma Dilorio; the rest of medical submission had been previously submitted and considered. This evidence was not previously considered by the Office, so the question remains, under the third requirement above, whether the evidence is relevant or pertinent, that is, whether it addresses the particular issue involved in this case.

In this case, the medical submitted for evidence to support your appeal has no bearing on the issue of you having continuing disability because of your accepted Federal employment injury. Neither Dr. Higgins nor Dr Dilorio offered an opinion that support you're having continuing disability related to your employment injury.

## BASIS FOR DECISION:

The threshold issue with regard to claimant's claim is whether she had a continuing condition/disability causally related to the July 8, 1999 federal injury. The medical does not provide new and relevant evidence regarding this issue, because it does not address the issue of causal relationship with the employment-related injury. The submitted evidence does not, therefore, meet the requirement of section 10.138(b)(1) as "relevant and pertinent evidence not previously considered by the Office."

CONCLUSION:

As the evidence, you provided in support of the request for reconsideration are found to be cumulative evidence and are not sufficient to warrant review of the prior decision.

Tracey S. Sawyer
Senior Claims Examiner
September 6, 2002

# Exhibit A-13

ECAB Docket Number: _____
*(For Official Use Only)*

## U.S. DEPARTMENT OF LABOR
## EMPLOYEES' COMPENSATION APPEALS BOARD
## APPLICATION FOR REVIEW (AB-1) FORM

### PLEASE TYPE OR PRINT APPLICATION

1.  Name of Appellant: _____ NAM _____ OK _____ CHUNG _____
    (First)        (Middle)        (Last)

1a. Name of deceased employee, if applicable: _____ N/A _____

2.  **Date of Most Recent OWCP Decision(s) Being Appealed:** September 6, 2002

---

### NOTICE
## YOUR APPEAL WILL BE SUBJECT TO DISMISSAL UNLESS YOU PROVIDE THE OWCP DECISION DATE YOU ARE APPEALING.

---

**PLEASE NOTE:** An Application for Review must be filed within 1 year of the date of the OWCP Decision(s) being appealed. No new evidence can be submitted with an appeal.

3.  Appellant's Street Address: _____ 8827 Eagle Rock lane _____

    City, State, and Zip Code: _____ Springfield, VA 22153 _____

4.  Appellant's Telephone Number (s): ( 703 )    451 — 0350
    (Area Code)

5.  OWCP Case File Number    (A) 250545560 / (B) 250561456

6.  Is Oral Argument requested?    ✓ Yes    _____ No

    **PLEASE NOTE:** If requested, oral arguments are **held** only in **Washington, DC.** The Board **does not** pay for any travel or incidental expenses related to attending oral argument. No new evidence can be submitted.

7.  Briefly state the specific reasons for your disagreement with the Decision of the OWCP: (Use additional sheets if needed.)

    _____ See Attachments _____

8.  Appellant's Signature: _____ Nam O Chung _____ (Date) 12/17/2002

    Nam O. Chung        12/17/2002

9. YOU DO NOT HAVE TO HAVE A REPRESENTATIVE IN ORDER TO PURSUE YOUR APPEAL. IF A REPRESENTATIVE IS DESIGNATED, THEN HE OR SHE MUST SIGN THIS FORM CONSENTING TO REPRESENT YOU. My authorized representative for the purpose of this appeal is:

Representative's Name: _____HEAWON CHUNG_____

Mailing Address: _____8827 EAGLE ROCK LANE_____

City, State, Zip Code: _____SPRINGFIELD , VA 22153_____

Telephone Number: ( 703 ) 451 - 0350    12/17/02
(Area Code)

10. Representative's Signature: _____ (Date) 12/17/02

**If you have any questions concerning this form, call the Employees' Compensation Appeals Board at (202) 693-6360 or send a facsimile (fax) to the Board at (202) 693-6367.**

Enclosures

ECAB Form: AB-1
Rev. 05/02

# Exhibit A-14

**United States Department of Labor**
**Employees' Compensation Appeals Board**

| | |
|---|---|
| NAM O. CHUNG, Appellant | ) |
| | ) |
| and | ) |
| | ) Docket No. 03-489 |
| U.S. POSTAL SERVICE, | ) Issued: |
| POST OFFICE, Gaithersburg, MD, Employer | ) |
| | ) |

*Appearances:*                                                  *Case Submitted on the Record*
*Nam O. Chung, pro se*
*Office of Solicitor,* for the Director

### ORDER GRANTING REMAND

Before:
ALEC J. KOROMILAS, Chairman
COLLEEN DUFFY KIKO, Member
DAVID S. GERSON, Alternate Member

On December 17, 2002 appellant filed a timely appeal from the September 6, 2002 decision of the Office of Workers' Compensation Programs, which denied a reopening of her claim for reconsideration of the merits. Pursuant to 20 C.F.R. §§ 501.2(c) and 501.3, this non-merit decision by the Office is the only decision that the Board currently has jurisdiction to review. Appellant requested oral argument before the Board, which was scheduled for December 18, 2003.

On November 21, 2003 the Director of the Office filed a motion requesting that the Board set aside his September 6, 2002 decision, cancel the oral argument for December 18, 2003 and remand the case for further development and a merit reconsideration decision. The Director gave three reasons the case was not in posture for a decision by the Board: (1) the Office misaddressed its September 6, 2002 decision; (2) appellant has a related case file that should be combined with the case before the Board; and (3) after appealing to the Board appellant filed another request for reconsideration and submitted additional documentation, which the Board has no jurisdiction to consider under its Rules of Procedure. The Director states that on remand the Office will officially combine both case records, will consider the additional evidence submitted by appellant and, after such further development as may be necessary, "will issue a merit reconsideration decision under 5 U.S.C. § 8128(a)."

The Clerk of the Board served appellant with a copy of the Director's motion and requested comments by December 8, 2003. In a letter dated November 20, 2003, appellant advised that she would not be attending the oral argument scheduled for December 18, 2003. The Board advised appellant on November 24, 2003 that the oral argument was canceled.

The Board has duly considered the matter and concludes that the Director's motion to remand should be granted. Noting certain procedural irregularities and considerations, he represents that on remand he will issue a merit decision in appellant's case, a decision that will afford appellant new review rights.

**IT IS HEREBY ORDERED THAT** the motion to remand filed by the Director of the Office of Workers' Compensation Programs is granted. The September 6, 2002 decision of the Office is set aside and case remanded for further development, to be followed by a merit reconsideration decision.

Issued:    JAN – 9 2004
Washington, DC

Alec J. Koromilas
Chairman

Colleen Duffy Kiko
Member

David S. Gerson
Alternate Member

2

# Exhibit A-15

File Number: 250561456
MOD_SHELL-D-RECO

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
PO BOX 8300 REGION 2
LONDON KY 40742-8300
Phone: (646) 264-3000

June 24, 2004

Date of Injury: 7/8/99
Employee: NAM O. CHUNG

NAM O. CHUNG
8827 EAGLE ROCK LANE
SPRINGFIELD, VA 22153

Dear Sir/Madam:

Attached is a decision on your request for reconsideration together with a Notice of Decision
explaining the basis for the determination.

Your appeal rights are also enclosed. If you wish to pursue this matter, you must carefully
follow the instructions provided.

Enclosures: Notice of Decision, Appeal Rights

Sincerely,

RICHARD KULICK
Senior Claims Examiner

US POSTAL SERVICE
INJURY COMPENSATION OFFICE
900 BRENTWOOD RD NE
WASHINGTON, DC 20878

File Number: 250561456
MOD_SHELL-D-RECO

File Number: 250561456

NOTICE OF DECISION

Employee: NAM O. CHUNG

Date: June 23, 2004

**ISSUE:** The issue for determination is whether or not the evidence submitted is sufficient to warrant modification of our prior decision.

**REQUIREMENTS FOR ENTITLEMENT:** In order for you to be entitled to a merit review under 10.607 of the Code of Federal Regulations, you must clearly identify the grounds upon which reconsideration is being requested. In addition, you must either submit relevant and pertinent evidence not previously considered by this Office, show that the Office erroneously applied or interpreted a point of law, or present a point of law or fact not previously considered by this Office.

**BACKGROUND:** You are employed as a Automation Clerk for the US Postal Service. Timely written notice of injury was filed on 4/1/00, stating that you had injured your right arm and neck. Your claim was accepted for Right Wrist and Cervical Strains and Right Shoulder Impingement, with another injury to a Right Finger(#25-545560), accepted for Arthralgia. Both of these claims have since been combined, with this claim number(25-561456)serving as the master file. From the 12/2/99-5/5/00, the claimant received compensation for wage loss from this office, but for periods thereafter claimed 10/23-10/25/99, 11/27-12/1/99, and from 12/17/99 through the present, compensation was denied by decision dated 3/26/01, by Hearing Examiner's Order of 11/9/01 and reconsideration denial of application dated 9/6/02.

You disagreed with the reconsideration decision of 9/6/02, and thereby appealed to the Employee Compensation Appeals Board, which remanded the case to this office for a merit review after any needed development in it's decision issued on 1/9/04. All of these decisions are incorporated herein by reference. Since the issuance of the 9/6/02 decision this office has received numerous physical therapy and medical treatment notes, emergency room notes, and some medical reports from the claimant's attending physician, and the resubmission of some old reports of Dr. David Higgins, MD, on 6/23/04, and an MRI of the Left Arm and Shoulder dated 5/24/04.

**DISCUSSION OF EVIDENCE:** On or after 1/9/04, the Office received an order from the Employee Compensation Appeals Board requesting this office undertake a merit review of the 9/6/02 application for reconsideration denial. In support of this request, you submitted the following: additional medical reports from Dr. David Higgins, MD for the period from 7/7/99-9/6/02, and emergency room notes for a number of ER visits dated 3/29, 8/3/03 and others. However, the reports of Dr. Higgins are duplicative of evidence already on file and ruled as insufficient in prior decisions(except the 9/6/02 note, which contains no medical opinion), while the emergency room notes and MRI report contain no rationalized medical discussion of the etiology of your Fibromyalgia, let alone that it is related to your previous federal employment.

**BASIS FOR DECISION:** In the first instance, this office admits that the claimed condition of Fybromyalgia can indeed result from orthopedic injuries such as those sustained in these cases. However, the medical reports of record do not say this. Mostly they describe your symptoms through time, with only vague references to any work related cause or causes, and they never mention the specific job duties you had that may have the development of the accepted

File Number: 250561456
MOD_SHELL-D-RECO

conditions noted above. As it is, it is evident from a review of your fairly extensive medical record, the physicians who have seen either do not agree that this developed from your work as a Postal Automation Clerk, or if they express an opinion at all, fail to state what job duties you may have performed, that lead to the development of your accepted conditions, and thence to Fybromyalgia.

Under the Federal Employees Compensation Act, for this office to accept an occupational disease claim, it must meet a number of criteria:

To establish that an injury was sustained in the performance of duty in an occupational disease claim, a claimant must submit the following: (1) medical evidence establishing the presence or existence of the disease or condition for which compensation is claimed; (2) a factual statement identifying employment factors alleged to have caused or contributed to the presence or occurrence of the disease or condition; and (3) medical evidence establishing that the employment factors identified by the claimant were the proximate cause of the condition for which compensation is claimed, or, stated differently, medical evidence establishing that the diagnosed condition is causally related to the employment factors identified by the claimant. The medical evidence required to establish a causal relationship, generally, is rationalized medical opinion evidence. Rationalized medical opinion evidence is medical evidence which includes a physician's opinion on the issue of whether there is a causal relationship between the claimant's diagnosed condition and the implicated employment factors. The opinion of the physician must be based upon a complete factual and medical background of the claimant, must be one of reasonable medical certainty, and must be supported by medical rationale explaining the nature of the relationship between the diagnosed condition and the specific employment factors identified by the claimant. Victor J. Woodhams, 41 ECAB ___ (Docket No. 89-1717 issued December 20, 1989); Frederick H. Coward, Jr., 41 ECAB ___ (Docket No. 90-0016 issued July 17, 1990).

The medical evidence of record does not conclusively prove you to have Fybromyalgia although you have many symptoms of the disease, and these are discussed extensively. While this claim was accepted initially accepted for orthopedic injuries, these have largely healed. Since you have not met the requirements for proving you have the diagnosis you claim to, you cannot meet the requirement stated in #3 above for showing how any such condition could be caused by your federal employment.

In addition to meeting these requirements, you must introduce evidence or argument in the request for reconsideration, showing clear evidence of error in fact or point of law in the decision for which review is requested. In the present circumstance, where the medical evidence submitted is either duplicative, fails either to diagnose Fybromyalgia or connect it to factors of federal employment in your case and no additional argument is advanced or put forth, this standard is not met. There is therefore no basis for modifying the decision of 11/9/01.

CONLCUSION: Your request for reconsideration is hereby denied on the basis that the evidence and/or argument submitted and of record is not sufficient to warrant modification of our decision of 11/9/01.

By: _RK_

RICHARD KULICK

**Exhibit A-16**

ECAB Docket Number: _____
*(For Official Use Only)*

**U.S. DEPARTMENT OF LABOR**
**EMPLOYEES' COMPENSATION APPEALS BOARD**
**APPLICATION FOR REVIEW (AB-1) FORM**

**PLEASE TYPE OR PRINT APPLICATION**

1. Name of Appellant: __NAOMI__   __N__   __CHUNG__
   (First)        (Middle)        (Last)

1a. Name of deceased employee, if applicable: __N/A__

2. **Date of Most Recent OWCP Decision(s) Being Appealed:** __November 21 2003__
   __Docket Number 2003-0489__

---

### NOTICE

**YOUR APPEAL WILL BE SUBJECT TO DISMISSAL UNLESS YOU PROVIDE THE OWCP DECISION DATE YOU ARE APPEALING.**

---

**PLEASE NOTE:** An Application for Review must be filed within 1 year of the date of the OWCP Decision(s) being appealed. No new evidence can be submitted with an appeal.

3. Appellant's Street Address: __8827 Eagle Rock lane__
   City, State, and Zip Code: __Springfield, VA 22153__

4. Appellant's Telephone Number (s): __( 703 )   451 - 0350__
   (Area Code)

5. OWCP Case File Number  (A) __250545560__    (B) __250561456__

6. Is Oral Argument requested? _____ Yes    __✓__ No

   **PLEASE NOTE:** If requested, oral arguments are <u>held</u> only in <u>Washington, DC</u>. The Board <u>does not</u> pay for any travel or incidental expenses related to attending oral argument. No new evidence can be submitted.

7. Briefly state the specific reasons for your disagreement with the Decision of the OWCP: (Use additional sheets if needed.)

   __See Attachment__

8. Appellant's Signature: __Naomi Chung__   (Date) __Sep 30, 2004__

9.  YOU DO NOT HAVE TO HAVE A REPRESENTATIVE IN ORDER TO PURSUE YOUR APPEAL.  IF A REPRESENTATIVE IS DESIGNATED, THEN HE OR SHE MUST SIGN THIS FORM CONSENTING TO REPRESENT YOU.  My authorized representative for the purpose of this appeal is:

Representative's Name: _____

Mailing Address: _____

City, State, Zip Code: _____

Telephone Number: (_____
                        (Area Code)

10.  Representative's Signature: _____     (Date)_____

**If you have any questions concerning this form, call the Employees' Compensation Appeals Board at (202) 693-6360 or send a facsimile (fax) to the Board at (202) 693-6367.**

Enclosures

ECAB Form: AB-1
*Rev. 05/02*

# Exhibit A-17

Westlaw.

2005 WL 2543980 (E.C.A.B.)

(Cite as: 2005 WL 2543980 (E.C.A.B.))

Page 1

2005 WL 2543980 (E.C.A.B.)


NAOMI N. CHUNG, Appellant and U.S.
POSTAL SERVICE, POST OFFICE, Gaithersburg,
MD, Employer


Docket No. 05-61
Case Submitted on the Record


Issued August 12, 2005


Appearances: **Naomi N. Chung**, pro se, Office of
Solicitor, for the Director

### DECISION AND ORDER

Before: COLLEEN DUFFY KIKO, Judge, DAVID
S. GERSON, Judge, MICHAEL E. GROOM,
Alternate Judge


### *JURISDICTION*

On October 1, 2004 appellant filed an appeal
within one year of the June 24, 2004 merit decision
of the Office of Workers' Compensation Programs,
which denied her claim for wage loss for particular
periods.[FN1] Pursuant to 20 C.F.R. §§ 501.2(c)
and 501.3, the Board has jurisdiction to review this
final decision of the Office.[FN2]


### *ISSUE*

The issue is whether appellant's disability for
work for the periods October 23 to 25 and
November 27 to December 1, 1999, June 17 to 30,
2000 and beginning July 1, 2000 is causally related
to her accepted medical conditions.


### *FACTUAL HISTORY*

On July 9, 1999 appellant, then a 46-year-old
automation clerk, filed a claim alleging that she
sustained a traumatic injury in the performance of
duty. The Office accepted her claim for arthralgia of
the right middle finger. In a decision dated March
21, 2001, the Office denied compensation for
disability from October 23 to 25, 1999 on the
grounds that the medical evidence failed to establish
that the disability claimed was causally related to
her accepted arthralgia.[FN3]

On April 7, 2000 appellant filed a claim alleging
that she developed a bilateral shoulder and hand
condition as a result of her federal employment. The
Office accepted her claim for right wrist sprain,
cervical strain and right shoulder impingement. In a
decision dated March 26, 2001, the Office denied
compensation for disability for the periods October
23 to 25 and November 27 to December 1, 1999,
June 17 to 30, 2000 and beginning July 1, 2000 on
the grounds that appellant failed to establish that
she was disabled as a result of her accepted medical
conditions.[FN4]

In a decision dated November 11, 2001, an Office
hearing representative affirmed the March 26, 2001
decision denying compensation for the periods of
disability claimed.

In a decision dated September 6, 2002, the Office
denied a merit review of appellant's case. Appellant
appealed this decision to this Board. On January 9,
2004 the Board issued an order granting remand
setting aside the Office's September 6, 2002
nonmerit decision and remanding the case for the
association of a related case file and for
reconsideration of the merits of appellant's claim.
[FN5]

In a decision dated June 24, 2004, the Office
reviewed the merits of appellant's case and denied

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 2543980 (E.C.A.B.)

(Cite as: 2005 WL 2543980 (E.C.A.B.))

Page 2

compensation for the disability claimed.

## *LEGAL PRECEDENT*

A claimant seeking benefits under the Federal Employees' Compensation Act[FN6] has the burden of proof to establish the essential elements of her claim by the weight of the evidence,[FN7] including that she sustained an injury in the performance of duty and that any specific condition or disability for work for which she claims compensation is causally related to that employment injury.[FN8]

Causal relationship is a medical issue,[FN9] and the medical evidence generally required to establish causal relationship is rationalized medical opinion evidence. Rationalized medical opinion evidence is medical evidence that includes a physician's opinion on whether there is a causal relationship between the claimant's diagnosed condition and the accepted employment injury. The opinion of the physician must be based on a complete factual and medical background, must be one of reasonable medical certainty and must be supported by medical rationale explaining the nature of the relationship between the diagnosed condition and accepted employment injury. [FN10]

As used in the Act, the term "disability" means incapacity, because of employment injury, to earn the wages that the employee was receiving at the time of injury.[FN11] When the medical evidence establishes that the residuals of an employment injury are such that, from a medical standpoint, they prevent the employee from continuing in her employment, she is entitled to compensation for any loss of wage-earning capacity resulting from such incapacity.[FN12]

For each period of disability claimed, the claimant has the burden of proving that she was disabled for work as a result of her accepted employment injury.[FN13] Whether a particular injury causes an employee to become disabled for work, and the duration of that disability, are medical issues that must be proved by a preponderance of the reliable, probative and substantial evidence.[FN14]

Generally, findings on examination are needed to justify a physician's opinion that an employee is disabled for work.[FN15] The Board has held that, when a physician's statements regarding an employee's ability to work consist only of a repetition of the employee's complaints that she hurt too much to work, without objective signs of disability being shown, the physician has not presented a medical opinion on the issue of disability or a basis for payment of compensation. [FN16]

While there must be a proven basis for the pain, pain due to an employment-related condition can be the basis for the payment of compensation.[FN17] The Board, however, will not require the Office to pay compensation for disability in the absence of medical evidence directly addressing the specific dates of disability for which compensation is claimed. To do so would essentially allow employees to self-certify their disability and entitlement to compensation.[FN18]

## *ANALYSIS*

The Office accepted that appellant sustained an arthralgia of her right middle finger due to an employment incident on or about July 8, 1999. The Office also accepted that she developed a right wrist sprain, cervical strain and right shoulder impingement as a result of the duties she performed at work. Appellant therefore has the burden of proof to establish that any specific disability for work for which she claims compensation is causally related to these accepted medical conditions. The Board has reviewed appellant's case file and can find no narrative report from a physician who (1) directly addresses the specific dates of disability for which appellant seeks compensation and (2) soundly explains how findings obtained on examinations reasonably contemporaneous to the periods claimed support that the accepted medical conditions prevented appellant from performing the duties of her position. Appellant's failure to submit such a medical opinion is the critical shortcoming of her claim.

Appellant attributes her current physical and psychological difficulties to her duties as an automation clerk with the U.S. Postal Service. She

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 2543980 (E.C.A.B.)

(Cite as: 2005 WL 2543980 (E.C.A.B.))

has submitted her own explanation of how spraining her right middle finger at work led to the spreading of pain throughout her body. However, her conviction alone does not support her claim for compensation.FN[FN19] She has the burden to submit medical evidence supporting the periods of disability claimed. She must submit rationalized medical opinion evidence as described above. In the absence of such evidence, the Board finds that she has not met her burden of proof.

To the extent that appellant attributes her disability for the periods claimed to medical conditions the Office has not accepted, such as fibromyalgia, the Board finds that she has not met her burden to establish that these medical conditions are both firmly diagnosed and causally related to the duties she performed in her federal employment. This also requires rationalized medical opinion evidence.

### *CONCLUSION*

The Board finds that appellant has not met her burden of proof to establish that she was disabled for work for the periods October 23 to 25, November 27 to December 1, 1999, June 17 to 30, 2000 and beginning July 1, 2000 as a result of her accepted medical conditions or as a result of other medical conditions causally related to her federal employment.

### *ORDER*

**IT IS HEREBY ORDERED THAT** the June 24, 2004 decision of the Office of Workers' Compensation Programs is affirmed.

FN1. Appellant also filed a notice of name change from Nam O. Chung to **Naomi N. Chung.**

FN2. Appellant identified the date of the decision she was appealing as November 21, 2003 "Docket Number 2003-0489." No such decision exists. Apparently, she was referring to a November 21, 2003 motion to remand and cancel oral argument submitted by the Director on the prior appeal of this case.

FN3. OWCP File No. A25-545560.

FN4. OWCP File No. A24-561456.

FN5. Docket No. 03-0489 (issued January 9, 2004).

FN6. 5 U.S.C. §§ 8101-8193.

FN7. *Nathaniel Milton,* 37 ECAB 712 (1986); *Joseph M. Whelan,* 20 ECAB 55 (1968) and cases cited therein.

FN8. *Elaine Pendleton,* 40 ECAB 1143, 1145 (1989).

FN9. *Mary J. Briggs,* 37 ECAB 578 (1986).

FN10. *Kathleen M. Fava (John F. Malley),* 49 ECAB 519 (1998).

FN11. *Richard T. DeVito,* 39 ECAB 668 (1988); *Frazier V. Nichol,* 37 ECAB 528 (1986); *Elden H. Tietze,* 2 ECAB 38 (1948); 20 C.F.R. § 10.5(17).

FN12. *Bobby W. Hornbuckle,* 38 ECAB 626 (1987).

FN13. *David H. Goss,* 32 ECAB 24 (1980).

FN14. *Edward H. Horton,* 41 ECAB 301 (1989).

FN15. *See Dean E. Pierce,* 40 ECAB 1249 (1989); *Paul D. Weiss,* 36 ECAB 720 (1985).

FN16. *John L. Clark,* 32 ECAB 1618 (1981).

FN17. *Barry C. Peterson,* 52 ECAB 120 (2000).

FN18. *Fereidoon Kharabi,* 52 ECAB 291 (2001).

FN19. *Kathryn Haggerty,* 45 ECAB 383, 389 (1994) (claimant's belief of causal relationship not sufficient).

Employees' Compensation Appeals Board (E.C.A.B.)
U.S. Department of Labor

2005 WL 2543980 (E.C.A.B.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 2543980 (E.C.A.B.)

Page 4

(Cite as: 2005 WL 2543980 (E.C.A.B.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NAOMI N. CHUNG,           )
                       )
          Plaintiff,      )     **Civil Action No. 07-0398 (ESH)**
                       )
     v.               )
                       )     **DECLARATION OF**
SECRETARY OF LABOR,    )     **CATHERINE P. CARTER**
                       )
          Defendant.    )
                       )

I, CATHERINE P. CARTER, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1.     I am the Counsel for Claims and Compensation, Division of Federal Employees' and Energy Workers' Compensation, Office of the Solicitor, United States Department of Labor (DOL), Washington, D.C., and in that capacity coordinate the receipt and consideration of administrative claims filed with DOL under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, as a result of alleged negligent or wrongful acts or omissions by federal employees. *See also* 29 C.F.R. Part 15.

2.     On June 16, 2003 (date stamp), Chung filed a claim on Standard Form 95, "Claim for Damage, Injury, or Death," with DOL under the FTCA, seeking $15,000,000 for personal injury and $350,000 for property damage regarding DOL's denial of her claim under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.* *See* Exhibit B-1.

3.     By letter dated March 25, 2004, signed by me and sent via certified mail, DOL denied Chung's FTCA claim, stating FECA was her exclusive remedy. *See* Exhibit

B-2. I informed Chung she had the right to file suit regarding this denial in an appropriate U.S. District Court within six months. *Id.*

4.    On December 12, 2005, Chung filed a second claim on Standard Form 95 with DOL under the FTCA, seeking $20,000,000 for personal injury regarding DOL's denial of her FECA claim. *See* Exhibit B-3. Chung asserts DOL "terminated my treatment for my job injury." *Id.*

5.    By letter dated May 4, 2007, signed by me and sent via certified mail, DOL denied Chung's FTCA claim, stating FECA was her exclusive remedy. *See* Exhibit B-4.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this ⟋ day of May, 2007.

**CATHERINE P. CARTER**
Counsel for Claims and Compensation
Division of Federal Employees' and Energy Workers'
    Compensation

# Exhibit B-1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency: suite 54325
Catherine P. Carter
counsel for claims and compensation
for Employee Benefits
office of the Solicitor
United States Department of Labor

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Nam A. Chung
8827 Eagle Rock lane
Springfield, VA 22153

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 08/01/52 | 5. MARITAL STATUS married | 6. DATE AND DAY OF ACCIDENT 07/07/1999 | 7. TIME (A.M. OR P.M.) NA |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

See Attachments

[stamp: RECEIVED JUN 16 2003]

9. **PROPERTY DAMAGE**
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
14442 Coral Gables Way, N-Potomac, MD 20878

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) I had to sell my home abruptly due to my inability to pay the bills without any compensations from OWCP Now I am homeless.

10. **PERSONAL INJURY/WRONGFUL DEATH**
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attachment

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Adrian Simmons (supervisor) | USPS SUBURBAN MD |
| D. D. union representative | 16501 SHADY GROVE RD |
| kiki    "       " | Gaithersburg, MD 20898 |

12. (See instructions on reverse) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 350,000.00 | 15,000,000.00 | | 15,350,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Nam A. Chung | 13b. Phone number of signatory (703) 451-0350 | 14. DATE OF CLAIM 06/13/2003 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid"

**INSTRUCTIONS**

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid" A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to

Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☑ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

*N/A*

17. If deductible, state amount

*N/A*

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  (It is necessary that you ascertain these facts)

*N/A*

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)  ☐ No

*N/A*

U.S. Government Printing Office: 1995 — 387-722/20001

SF 95 (Rev. 7-85) BACK

# NUMBER 8

On July 7, 1999, I, Nam O. Chung, strained / sprained my right middle finger lifting a tray from a shelf while working at USPS, Suburban MD located at 16501 Shady Grove Road, Gaithersburg, MD 20878. By July 9, 1999 the pain was so great that I was prompted to file a CA-1 From, "Notice of Traumatic Injury and Claim for Compensation" with the Department of Labor's Office of Worker's Compensation Program (OWCP). I was then taken to the Providence Hospital's Emergency Room in Washington D.C. and was diagnosed with having "arthralgia of the right hand, middle finger." What has initially started with pain of the finger has intensified and I was experiencing persistent pain and discomfort from my shoulder to my finger. I then had spasm from my back to lower back. My whole body was overtaken by pain. At times, even a mere touch by concerned family or doctors intensified the pain. I was later diagnosed with the inability to perform repetitive motions due to the extreme pain and discomfort it caused me. Since the date of injury until recently, I have followed the guidelines provided to me by OWCP, but have continually been denied. Yet, I have provided all documents and evidence stating my struggle with fibromyalgia, carpel tunnel syndrome, breathing problems, sleeping problems, discomforts, and mental stress caused by my injury at work and by the denial of proper treatment by OWCP. I was to have received, regardless of fault, continuing benefits for my employment-related injury, but Blue Cross Blue Shield and Worker's Compensation did not take any responsibilities for my medical expense nor my family member's medical expenses (as previously covered by Blue Cross Blue Shield). Due to the negligence of proper treatments at appropriate times I have lost the ability to enjoy life because everything in life requires repetitive motion. I find myself in need of assisted living and have lost my home because I was unable to pay the expenses due to not receiving my benefits.

## NUMBER 10

Right middle finger strained / sprained while lifting heavy trays with mail and putting it through a machine. I was supposed to run about 30,000 (Thirty Thousand) mails within one hour; which had me continuously lifting heavy trays all day over my head.



**FIBROMYALGIA**

▼
▼
**Right Shoulder Pain**
▼
▼
**Carpel Tunnel Syndrome and Cervical Strain**
▼
▼
**Left Hand, Wrist, Shoulder Pain Occurs**
▼
▼
**Spinal Pain, Back Pain, and Chest Pain**
▼                    ▼
▼          **Breathing Problems**
▼
**Lower Back Pain, Stomach Pain**
▼                    ▼
▼          **Problem with Urinating**
▼
▼
**Pain in the Legs, Knees, Feet**

The whole body being connected and one part affecting another part, I have become unable to do anything without pain. The body is put together by muscles and cells. When my muscles spasm in one area, it affects another area. It has become impossible to perform repetitive motions. The pain never goes away. There are sometimes that I can endure the pain with medicine, but most of the time, the pain is too great. Not only has my physical pain gotten worse over time with no proper treatments, I also suffer from insomnia due to acute pain coming on while I try to sleep and mental stress due to pain, medication, no proper and needed treatments and no compensation.

# Exhibit B-2

**U.S. Department of Labor**    Office of the Solicitor
Washington, D.C. 20210



March 25, 2004

<u>CERTIFIED MAIL-RETURN RECEIPT REQUESTED</u>

Nam O. Chung
8827 Eagle Rock Lane
Springfield, VA  22153

Re: Tort claim of Nam O. Chung

Dear Ms. Chung:

This office has carefully reviewed your claim, filed pursuant to
the Federal Tort Claims Act.  To the extent that you are seeking
money damages for a work-related injury, this is not permissible,
as FECA benefits are your exclusive remedy.  This review
discloses no other liability on the part of the United States.
Your claim is therefore denied.

You are advised of your right to file suit in an appropriate
United States District Court within six months of the date of the
mailing of this letter if you are dissatisfied with the results
of this determination.

Sincerely,

CATHERINE P. CARTER
Counsel for Claims
  and Compensation

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |

Postmark
Here

7000 1670 0003 5455 5736

Nam O. Chung
8827 Eagle Rock Lane
Springfield, VA  22153

# Exhibit B-3

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency:

Director
U.S. Department of Labor
Office of Workers Compensation Programs
Room 800, 800 N-Capital St. N.W.
Washington, DC 20211

2. Name, Address of claimant and claimant's personal representative. if any (See instructions on reverse.) (Number, street, city, State and Zip Code)

Naomi N Chung
13842 Lambertina Place
Rockville, MD 20850

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 08/01/52 | 5. MARITAL STATUS married | 6. DATE AND DAY OF ACCIDENT 07/07/1999 | 7. TIME (A.M. OR P.M.) N/A |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

OWCP terminated my treatment for my job injury.
The purpose was to hide OWCP's mistake of changed injury date
and gave me another claim number
Having not received proper treatment due to terminated
health care led to my condition, Fibromyalgia.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Arthralgia, Right wrist sprain, cervical strain, Right shoulder impin-gement, Carpel Tunnel Syndrome, Back pain, Chest pain, Fibromyalgia
Mental stress

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Austin Simmons D.D Union representative Kiki " | USPS SUBURBAN MD 16501 SHADY GROVE RD Gaithersburg, MD 20898 |

12. (See instructions on reverse)    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | 20,000,000.00 | | 20,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)

Nam Chung

| 13b. Phone number of signatory 301) 789-2483 | 14. DATE OF CLAIM 12/12/2005 |
|---|---|

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM
The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS
Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

95-109
Previous editions not usable.    NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 CFR Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim invalid.

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☐ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  **N/A**

17. If deductible, state amount.  **N/A**

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts.)  **N/A**

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code). ☐ No  **N/A**

U.S. Government Printing Office: 1995 — 387-722/20001

SF 95 (Rev. 7-85) BACK

# Exhibit B-4

**U.S. Department of Labor**    Office of the Solicitor
Washington, D.C. 20210



<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

May 4, 2007

Naomi N. Chung
13842 Lambertina Place
Rockville, MD 20850

Re:    FTCA Claim of December 12, 2005

Dear Ms. Chung:

The claim that you submitted pursuant to the Federal Tort Claims Act (FTCA) has been carefully
reviewed by this office. This review discloses no liability on the part of the United States. My
determination is based, *inter alia*, on the fact you are seeking tort damages as a result of injury
sustained in your employment. The Federal Employees' Compensation Act (FECA) is your
exclusive remedy. FECA is the exclusive remedy against the United States for any federal
employee whose injuries fall within the scope of the FECA and precludes recovery under the
FTCA. 5 U.S.C. § 8116(c).

Your claim is, therefore, denied. If you are dissatisfied with this determination, you may file suit
against the United States under the Federal Tort Claims Act in an appropriate United States
District Court within six months of the date that this notice is mailed to you. I would note that
you have recently filed suit with regard to this matter.

Sincerely,

CATHERINE P. CARTER
Counsel for Claims and Compensation

**U.S. Postal Service**
**CERTIFIED MAIL‌ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7005 1160 0003 9746 5217

Sent To  *NAmoi N. Chung*
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4