```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
NAOMI N. CHUNG,               )
                              )
     Plaintiff,               )
                              )
     v.                       )      Civil Action No. 07-398 (GK)
                              )
ELAINE CHAO,                  )
SECRETARY OF LABOR, et al.,   )
                              )
     Defendants.              )
_____)
```

## MEMORANDUM OPINION

Pro se Plaintiff Naomi N. Chung has been employed by the United States Postal Service since 1989. She brings this action against Defendants Elaine Chao, Secretary of Labor; the United States Department of Labor Employment Standards Administration Office of Workers' Compensation Programs Division of Federal Employees' Compensation ("OWCP"); and the United States Department of Labor Employees' Compensation Appeals Board ("ECAB").

### I.   BACKGROUND & PROCEDURAL HISTORY

Plaintiff was injured at work on July 7, 1999. Although her Complaint is not entirely clear, Plaintiff appears to allege that she filed a claim based on her injury with the Department of Labor ("DOL"), and that the DOL and OWCP mishandled her case, terminated her medical benefits, and misled her to focus on the wrong issues during the appeal process before ECAB. She claims that her four appeals before ECAB "have always been planned for denial." As a result of the foregoing, Plaintiff initially sought $500,000.00 for

work injury, mismanagement of her case, and discontinuation of her medical treatments, as well as an "[a]ward [of] . . . the needed health care."  She has twice moved to amend her relief to seek $20,000,000.00 for work injury and $500,000.00 for mismanagement of her case and discontinuation of her medical treatments, as well as needed health care.[1]

On May 11, 2007, Defendants filed a Motion to Dismiss [Dkt. No. 3].  Plaintiff filed motions to "Amend Relief" on May 14, 2007 [Dkt. No. 5] and May 17, 2007 [Dkt. No. 6]; the second motion also included an argument that Defendants had defaulted by failing to respond to the Complaint within 60 days.  On May 22, 2007, the Court ordered Plaintiff to respond to the Motion to Dismiss by June 22, 2007 or "the Court will treat Defendant's Motion as granted and dismiss Plaintiff's Complaint."  May 22, 2007 Order [Dkt. No. 7] at 2.  On May 30, 2007, Plaintiff filed a "Dispositive Motion" [Dkt. No. 10], in which she reiterated her argument in support of default judgment.  On August 3, 2007, Plaintiff filed a "Memorandum Opinion" in which she seeks summary judgment.  Plaintiff again moved for default judgment in her Post-Hearing Dispositive Motion of September 12, 2007 [Dkt. No. 16].

## II.  ANALYSIS

---

[1] Defendants do not object to Plaintiff's request to amend her prayer for relief.  Defs.' Response to Pl.'s Mot. to Am. Relief [Dkt. No. 8], at 1.  They do, however, object to the entry of default judgment.

The Court clearly has no jurisdiction over the claims alleged in this case. Plaintiff's Complaint alleges that DOL "has continuously violated the constitutional law and disregarded [her] civil rights from March 26, 2001 to now . . . ." Compl. ¶ 2. She alleges that she filed a lawsuit against DOL in this Court on February 5, 2003, which she believes was dismissed because her claim lacked the Government's Standard Form 95, Claim for Damage, Injury or Death.[2] Id. ¶ 6. Plaintiff alleges that she filed Standard Form 95 on June 16, 2003, but her claim was denied. Id. She alleges that she refiled the Form on December 12, 2005, and had not received any response from DOL as of the date she filed the instant Complaint. Id. ¶¶ 6-7.

Plaintiff cannot relitigate the claims she alleged in her February 5, 2003 suit, Chung v. Dep't of Labor, No. 03-188 (D.D.C. filed Feb. 5, 2003), and which this Court dismissed for lack of jurisdiction. On June 25, 2004, our Court of Appeals summarily affirmed that dismissal. Chung v. Dep't of Labor, No. 03-5246, 2004 U.S. App. LEXIS 4331 (D.C. Cir. June 25, 2004). Accordingly, the claims Plaintiff alleged in her 2003 suit are barred by the doctrine of res judicata.

The Complaint further alleges that on June 16, 2003, Plaintiff filed Standard Form 95 with the DOL, which claimed that OWCP had

---

[2] Standard Form 95 is a form developed by the Department of Justice to facilitate agency processing of claims based on the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2671 et seq.

-3-

improperly terminated her treatment for her work-related injury. DOL denied that claim on March 25, 2004, and informed Plaintiff of her right to file suit based on that denial within six months. Compl. Attachment A, March 24, 2004 Letter.

"The FTCA requires that claims be presented to the agency in question within two years of accrual, and filed in court within six months after denial by the agency. A claim not so presented and filed is 'forever barred.'" Mittleman v. United States, 104 F.3d 410, 413 (D.C. Cir. 1997) (quoting 28 U.S.C. § 2401(b)). Plaintiff filed this Complaint on February 26, 2007, nearly three years after her June 13, 2003 FTCA claim was denied. That claim clearly is time-barred.

Plaintiff's Complaint also alleges that she refiled her Standard Form 95 on December 12, 2005. Although she does not indicate which agency actions she challenged in her December 12, 2005 claim, the attachments to her Complaint evidence the following two DOL actions (other than those discussed above) taken in the two years prior to that claim: (1) OWCP's notice of decision of June 24, 2004, on remand from ECAB for review on the merits, denying Plaintiff's request for reconsideration; and (2) ECAB's Decision and Order of August 12, 2005, affirming OWCP decision of June 24, 2004. See Compl. Attachment A. Each of those actions denied Plaintiff's claims for money damages for a work-related injury.

The Federal Employees Compensation Act ("FECA"), 5 U.S.C.

§8101 et seq., establishes a comprehensive workers' compensation scheme under which federal employees or their survivors receive compensation, regardless of fault, for employment related injuries or deaths.  FECA provides that the United States "shall pay compensation for disability or death of an employee resulting from personal injury sustained while in the performance of duty."  5 U.S.C. § 8102(a).

Congress provided that the remedy afforded by FECA is exclusively administrative, and expressly foreclosed judicial review.  Specifically, 5 U.S.C. § 8116(c) provides that

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee . . . in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

Accordingly, "[t]he Courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies."  Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991).

Each of the DOL actions that could possibly be encompassed by Plaintiff's December 12, 2005 claim relate to her administrative requests for worker's compensation based on her work-related injury.  Accordingly, this Court has no jurisdiction to consider Plaintiff's appeal of that claim; FECA provides the exclusive remedy.  See also Chung v. Dep't of Labor, No. 03-188 (D.D.C. Aug.

15, 2003) (order granting motion to dismiss).[3]

Plaintiff has never filed an Opposition to the Motion to Dismiss, which raised the jurisdictional issues discussed above, nor has she ever responded to Defendant's jurisdictional arguments in any other filing or sought additional time to respond.[4]  At a scheduling conference on August 7, 2007, in response to the Court's instruction that she file an opposition to the Motion to Dismiss or the Court would treat her Motion for Summary Affirmance as her opposition, Plaintiff stated, "I don't need to file any more motion[s]."  Aug. 7, 2007 Hr'g Tr. at 6.  In her six filings since

---

[3] Although Plaintiff has stated in her Complaint that DOL "has continuously violated the constitutional law and disregarded [her] civil rights from March 26, 2001 to now," Compl. ¶ 2, nothing in the Complaint indicates any basis for that statement, or anything at all "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citation omitted); see also id. at 1965 n. 3 ("Without some factual allegation in the complaint, it is hard to see how a [plaintiff] could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (internal citation omitted).

[4] Plaintiff's repeated requests for default judgment against the Government are meritless.  Before obtaining default judgment, a party must first seek the entry of default against the non-responsive party.  See Fed. R. Civ. P. 55(a), (b).  Plaintiff has not sought the entry of default against Defendant in this case. Moreover, Federal Rule of Civil Procedure 55(e) prohibits the entry of default judgment against the United States or one of its employees unless the plaintiff establishes a right to relief "by evidence satisfactory to the Court."  Fed. R. Civ. P. 55(e). Plaintiff has filed no affidavits or any other evidence with her requests for default judgment, nor do any of her requests identify any evidence in the record demonstrating that she has a right to relief.  Most significantly, Plaintiff has not even attempted to demonstrate that the Court has jurisdiction over any of her claims.

the Motion to Dismiss was filed on May 11, 2007, Plaintiff has never addressed any of the arguments raised in Defendants' Motion.

Local Civil Rule 7(b) permits the Court to treat an unopposed motion as conceded. LCvR 7(b); see Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming district court's grant of motion to dismiss as conceded due to the plaintiff's failure to file a response). Accordingly, Defendant's Motion to Dismiss may also be granted as conceded.

For all of the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Dkt. No. 3] is **granted.**

The parties should note that no live claims remain in this case; therefore, this is a final appealable Order subject to Federal Rule of Appellate Procedure 4. See Fed. R. App. P. 4.

October 31, 2007

/s/
Gladys Kessler
U.S. District Judge

**Copies to**: **attorneys on record via ECF and**

NAOMI N. CHUNG
13842 Lambertina Place
Rockville, MD 20850